. UNITED STATES v. ILLINOIS CENT. R. CO.

(District Court, N. D. Iowa, C. D.    June 23, 1910.)

MASTER AND SERVANT (§ 13*)—HOURS OF SERVICE—REGULATION—INTERSTATE CARRIERS—STATUTES—"DUTY."

Act March 4, 1907, c. 2939, § 2, 34 Stat. 1415 (U. S. Comp. St. Supp. 1909, p. 1170), provides that it shall be unlawful for any common carrier subject to the act to require or permit any employé subject thereto to be or remain on duty for a longer period than 16 consecutive hours, and whenever such employé has been continually on duty for 16 hours he shall be relieved, and not required or permitted again to go on duty until he has had at least 10 consecutive hours off duty; and no such employé who has been on duty 16 hours in the aggregate in any 24-hour period shall be required or permitted to continue or again go on duty without having had at least 8 consecutive hours off duty. The act further provides in section 1 that the term "employés" as used in the act, shall be held to mean persons actually engaged in or connected with the movement of any train. *Held*, that where an interstate carrier had a rule requiring engineers to report 30 minutes before leaving time, during which they were required to overlook their engines in preparation for the trip, to see that they were properly oiled and the brakes O. K., and to connect the engines with their trains, the time so occupied constitutes a part of their time of duty; and this, though it was the custom of the carrier not to strictly enforce the rule.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 3, pp. 2283, 2284; vol. 8, p. 7646.]

Action by the United States against the Illinois Central Railroad Company to recover a penalty.   Verdict directed for plaintiff.

F. F. Faville, U. S. Atty.
Kelleher & O'Connor, for defendant.

MORRIS, District Judge (orally). ˉ The question here is as to the effect of the rule of the company requiring men to report 30 minutes before the leaving time of the train to do the things required by the rule, coupled with the fact that this man did comply with that rule.

I do not think the custom of the company not to strictly enforce the rule makes any difference. This man complied with the rule. He arrived at the engine 30 minutes before the leaving time of the train, and was actually engaged in doing the things required by the rule; and the question here is whether he was during that time, within the meaning of the act, actually engaged in or connected with the moving of that train. That is the question here. In my opinion this man was on duty, within the meaning of the act, from the time he went there and commenced to supervise, or overlook, that engine in preparation for the trip. It does not make any difference whether he was paid for this time or not. That was the time his work and the strain on him began. The work of an engineer, an employé of the railroad, begins when under the rule of the company he is there and is at work in connection with the preparation of the engine for the moving of the train.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He must look over that engine. He must see that it is oiled up. He must see that the air brakes are all right. He must move the engine down over the tracks and across the switches to connect it with the train. And in my opinion he is on duty, within the meaning of the act, during the time he is doing these things. If he goes there a half an hour before the time to start to do these things, during the time he is there doing them he is on duty. That is my view of it.

As to the constitutional question, the Supreme Court of Wisconsin seems to have pointed out, at least to some extent, a distinction between the wording of the employer's liability act (Act June 11, 1906, c. 3073, 34 Stat. 232 [U. S. Comp. St. Supp. 1909, p. 1148]) and the wording of this act, and I prefer to follow the Supreme Court of the state of Wisconsin in that regard, showing the distinction between the acts.

I think the motion will be granted. Just let a verdict be prepared.