NORTHERN PAC. TERMINAL CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,841.

CARRIERS (§ 38*)—CARRIERS OF LIVE STOCK—VIOLATION OF TWENTY-EIGHT HOUR LAW.

Defendant, a terminal railroad company, received a car load of horses from a connecting railroad company, which had transported them in interstate commerce. Such carrier had kept them confined in the car for more than 28 hours without unloading for rest, water, and feeding, in violation of the 28-hour law (Act June 29, 1906, c. 3594, § 1, 34 Stat. 607 [U. S. Comp. St. Supp. 1909, p. 1178]), and was indicted and fined therefor. Defendant received them for transportation over its line for some 1,300 feet to stockyards, and moved them to such yards with all speed possible, and there unloaded them for rest, water, and feed. Held, that defendant was not chargeable with violation of the statute, but that, on the contrary, its action aided in giving effect to its object and purpose.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 38.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the District of Oregon.

Prosecution against the Northern Pacific Terminal Company. From a judgment of conviction, defendant brings error. Reversed.

See, also, 181 Fed. 879.

Dolph, Mallory, Simon & Gearin, for plaintiff in error.
John McCourt, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge.   In this case it appears that a car load of horses were brought from Plymouth, in the state of Washington, to Portland, Or., by the Spokane, Portland & Seattle Railway Company. The destination of the horses was the yards of the Union Stockyards Company in Portland, which are distant about 1,300 feet from the tracks of the railway company mentioned.   That company, in trans-porting the horses from Plymouth to Portland, kept them confined, without feed, water, or rest, for more than 28 hours, in violation of the act of Congress of June 29, 1906, known as the "Twenty-Eight Hour Law" (Act June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1909, p. 1178]), having received the horses on board its car at Plymouth at 6 p. m. of May 12, 1909, and not having arrived with them at Portland until 7 a. m. of May 14th.   For that offense the Spokane, Portland & Seattle Company was duly indicted, and duly convicted and punished.   The government then procured a similar indictment against the present plaintiff in error, and it, too, was convicted, and, judgment following against it, the case is here for consideration.

The record shows that the only thing the plaintiff in error did in connection with the horses was to take them from the Spokane, Port-land & Seattle Railway Company, at its request, at the terminus of its tracks in Portland, with all speed possible, and hurry them for 1,300 feet over its terminal track into the yard of the Union Stock-yards Company, and there turn them loose to water, feed, and rest. This action of the plaintiff in error, so far from being in contraven-tion of the provisions of the act of Congress in question, was, in our opinion, but aiding in giving effect to its object and purpose.   We do not, of course, hold or intend to intimate that terminal companies may not under some, and perhaps in many, circumstances be equally guilty with the main transportation companies of a violation of this act of Congress; but we have no hesitation in holding that this is not one of those cases.   No law should be so construed as to do violence to its clear meaning and intent, and bring about unjust or absurd results.

The judgment is reversed.