NEW YORK CENT. & H. R. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.  March 10, 1913.)

No. 177.

1. CARRIERS (§ 37*) — TRANSPORTATION OF ANIMALS — TWENTY-EIGHT HOUR LAW — VIOLATION BY CONNECTING CARRIER — KNOWLEDGE — BURDEN OF PROOF.

Where defendant carrier received certain horses from a connecting carrier, which had kept them confined for a period longer than that permitted by the Twenty-Eight Hour Law (Act Cong. June 29, 1906, c. 3594, §§ 1, 3, 34 Stat. 607, 608 [U. S. Comp. St. Supp. 1911, pp. 1341, 1342]), and continued the transportation to destination without unloading, knowledge of the connecting carrier's default would be imputed to defendant, in the absence of evidence from it that it made reasonable inquiry and could not ascertain the fact, and that it continued the transportation in good faith.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. § 37.*]

2. CARRIERS (§ 37*) — TRANSPORTATION OF ANIMALS — TWENTY-EIGHT HOUR LAW—VIOLATION—DEFENDANT'S DUTY.

Where defendant's line, part of the route over which certain horses were transported by connecting carriers, involved only a distance of seven miles, from a junction point to destination, defendant having received the horses with knowledge that they had already been confined for a period longer than that permitted by the Twenty-Eight Hour Law (Act Cong. June 29, 1906, c. 3594, §§ 1, 3, 34 Stat. 607, 608 [U. S. Comp. St. Supp. 1911, pp. 1341, 1342]), it was its duty to transport them to destination as quickly as possible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. § 37.*]

3. EVIDENCE (§ 574*)—OPINIONS—EXPERTS—REASONABLE TIME.

Where a terminal carrier, receiving horses for transportation to destination, a distance of only seven miles, with knowledge that they had already been confined for a period longer than that authorized by the Twenty-Eight Hour Law (Act Cong. June 29, 1906, c. 3594, §§ 1, 3, 34 Stat. 607, 608 [U. S. Comp. St. Supp. 1911, pp. 1341, 1342]), used 3 hours and 35 minutes to move the cars to destination, evidence of the opinion

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of two freight conductors that, in view of the condition of the belt line in getting ready for grade crossing improvements, the time actually occupied was reasonable, was insufficient to rebut the prima facie case that such period was unreasonable.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2400; Dec. Dig. § 574.*]

4. CARRIERS (§ 37*)—TRANSPORTATION OF ANIMALS—TWENTY-EIGHT HOUR LAW—CONNECTING CARRIERS—PUNISHMENT OF ONE—EFFECT.

Where a connecting carrier, after having confined certain horses for a period longer than permitted by the Twenty-Eight Hour Law (Act Cong. June 29, 1906, c. 3594, §§ 1, 3, 34 Stat. 607, 608 [U. S. Comp. St. Supp. 1911, pp. 1341, 1342]), delivered them to defendant for transportation to destination, and defendant did not transport the horses to destination as quickly as possible, the fact that a judgment was recovered for a penalty against the connecting carrier for violating such act was no bar to an action to recover a similar penalty against defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. § 37.*

Liability of carrier for failure to feed, water, and rest live stock and for violation of Twenty-Eight Hour Law, see note to St. Joseph Stockyards Co. v. United States, 110 C. C. A. 435.]

In Error to the District Court of the United States for the Western District of New York; John R. Hazel, Judge.

Action by the United States against the New York Central & Hudson River Railroad Company to recover a penalty for violation of the Twenty-Eight Hour Law (Act Cong. June 29, 1906, c. 3594, §§ 1, 3, 34 Stat. 607, 608 [U. S. Comp. St. Supp. 1911, pp. 1341, 1342]). Judgment for the United States, and defendant brings error. Affirmed.

Hoyt & Spratt, of Buffalo, N. Y. (A. L. Becker, of Buffalo, N. Y., of counsel), for plaintiff in error.

J. L. O'Brian, of Buffalo, N. Y., U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. Two cars loaded with horses were shipped from Girard, Kan., consigned to shippers' order at the defendant's stockyard in East Buffalo. The routing was via the St. Louis & San Francisco Railroad Company to Kansas City, thence by the Wabash Railroad Company through Missouri, Indiana, Iowa, Michigan, and Canada, to Black Rock, Buffalo, where the cars were received by the defendant to be transported to destination, a distance of seven miles. The Wabash Company did not unload the horses for food, water, and rest between Peru, Ind., and Black Rock, a period of 38 hours and 55 minutes. The defendant occupied 3 hours and 35 minutes in transporting the cars to destination in East Buffalo.

The United States instituted these two actions to recover of the defendant a penalty of $500 for each car for violation of Act June 29, 1906, 34 Stat. 607, sections 1 and 3 of which read:

"Section 1. That no railroad, express company, car company, common carrier other than by water, or the receiver, trustee, or lessee of any of them, whose road forms any part of a line of road over which cattle, sheep, swine, or other animals shall be conveyed from one state or territory or the

District of Columbia into or through another state or territory or the District of Columbia, or the owners or masters of steam, sailing, or other vessels carrying or transporting cattle, sheep, swine, or other animals from one state or territory or the District of Columbia into or through another state or territory or the District of Columbia, shall confine the same in cars, boats, or vessels, of any description for a period longer than 28 consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which can not be anticipated or avoided by the exercise of due diligence and foresight: Provided, that upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading, or other railroad form, the time of confinement may be extended to thirty-six hours. In estimating such confinement, the time consumed in loading and unloading shall not be considered, but the time during which the animals have been confined without such rest or food or water on connecting roads shall be included, it being the intent of this act to prohibit their continuous confinement beyond the period of twenty-eight hours, except upon the contingencies hereinbefore stated: Provided, that it shall not be required that sheep be unloaded in the nighttime, but where the time expires in the nighttime in case of sheep the same may continue in transit to a suitable place for unloading, subject to the aforesaid limitation of thirty-six hours."

"Sec. 3. That any railroad, express company, car company, common carrier other than by water, or the receiver, trustee, or lessee of any of them, or the master or owner of any steam, sailing, or other vessel who knowingly and willfully fails to comply with the provisions of the two preceding sections shall for every such failure be liable for and forfeit and pay a penalty of not less than one hundred nor more than five hundred dollars: Provided, that when animals are carried in cars, boats, or other vessels in which they can and do have proper food, water, space, and opportunity to rest the provisions in regard to their being unloaded shall not apply."

U. S. Comp. St. Supp. 1911, pp. 1341, 1342.

The complaint alleged the foregoing facts, and also that the defendant was not prevented from complying with the act by storm or other accidental and unavoidable causes which could not be anticipated or avoided by the exercise of due diligence and foresight, but knowingly and willfully failed to unload the horses in transit as aforesaid.

The defendant filed answers, which alleged that it received the cars at Black Rock from its connecting carrier, the Wabash Railroad Company, without knowing the time the horses had been confined, and transported them within the usual and reasonable time to destination in East Buffalo; also that, if there were any violation of law, it was committed by the Wabash Railroad Company, which had been sued by the United States and fined, which judgment duly satisfied it pleaded in bar of the action.

At the trial a jury was duly waived and the cause submitted to the court. The parties stipulated that the facts stated in the complaint were true; also that the time of confinement of the horses had been extended from 28 to 36 hours, the defendant reserving the right to show that when it received the cars it did not know that the horses had been confined longer than the law allowed; also to prove that, if it had refused to transport the cars, they would have had to go back to Michigan, a trip taking from 15 to 20 hours, before the horses could have been unloaded because, being carried in bond, they could

not be unloaded in Canada; also to prove that the usual time for transporting live stock from Black Rock to the stockyards was from 1½ hours to 5 hours, depending upon circumstances.

[1] The first question is: Did the defendant act knowingly in the transportation of the cars; that is, did it know when the horses had been last unloaded? Relying, no doubt, upon the proposition that the burden of proof lay upon the government, the defendant gave no evidence at all upon the subject. But we think it was bound to make reasonable inquiry as to this fact. The humane purpose of the law would be frequently frustrated if the government were compelled to prove facts directly and often exclusively within the knowledge of the carrier. When the government had proved that the time had long elapsed within which the horses should have been unloaded, knowledge of that fact was properly imputed by Judge Hazel to the defendant, in the absence of any evidence from it that it had made reasonable inquiry and could not ascertain the fact.

[2, 3] The next question is: Did the defendant act willfully in the premises; that is, unnecessarily disregard the provisions and purpose of the law? Obviously it did the best thing for the horses in taking them to the stockyard in East Buffalo. The time it could properly use in so doing would depend upon whether the period of confinement had or had not expired. Knowledge of the fact that it had expired being imputed to the defendant, it was bound to transport them as quickly as possible. Prima facie 3 hours and 35 minutes was an unreasonable time to move the cars seven miles. The only testimony the defendant offered upon the subject was the opinion of two freight conductors that, in view of the condition of the belt line in getting ready for grade crossing improvements, the time actually occupied was reasonable. This was entirely insufficient. The facts should have been stated, so that the court might determine whether the time was reasonable or not.

[4] The judgment recovered against the Wabash Railroad Company is not a bar. The fact that it has been punished for its own delinquency furnishes no defense to the defendant if it was subsequently delinquent, as the court has rightly found. United States v. Lehigh Valley R. R. Co. (C. C.) 184 Fed. 971, affirmed by this court 187 Fed. 1006, 109 C. C. A. 211.

The judgment is affirmed.