### UNITED STATES v. MISSOURI PAC. RY. CO.

(District Court, D. Kansas, First Division. March 24, 1913.)

#### No. 1,256.

RAILROADS (§ 230*)—REGULATIONS—HOURS OF SERVICE ACT—WATCHMAN OF ENGINE—MOVEMENT OF TRAIN—"EMPLOYÉS."

Within Act March 4, 1907, c. 2939, 34 Stat. 1415 (U. S. Comp. St. Supp. 1911, p. 1321), regulating the hours of service of employés of railroads in interstate commerce, "employés" being defined as "persons actually engaged in or connected with the movement of any train," a locomotive fireman, while acting as watchman of his engine when it and its train is being drawn by another locomotive, his duties at such time being to keep up a certain amount of fire and see that the water does not run too low and that a certain amount of steam pressure is preserved, is actually engaged in connection with the movement of the train, so that time so consumed by him is within his hours of service.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 744; Dec. Dig. § 230.*

For other definitions, see Words and Phrases, vol. 3, pp. 2369–2377; vol. 8, p. 7649.]

Action by the United States of America against the Missouri Pacific Railway Company. Judgment for plaintiff.

H. J. Bone, A. M. Harvey, and C. D. Briggs, all of Topeka, Kan., for the United States.

Waggener & Challiss, of Atchison, Kan., for defendant.

POLLOCK, District Judge. This action, in three counts, was brought by the government to recover penalties provided for violations of Act of Congress March 4, 1907, c. 2939, 34 Stat. 1415 (U. S. Comp. St. Supp. 1911, p. 1321), commonly designated as the Hours of Service Act.

The facts, as stipulated by the parties in the several counts of the petition, are, briefly summarized, as follows:

Count 1. The defendant permitted its locomotive fireman, Roy Scott, to go on duty on October 18, 1911, at 6 a. m. The run of this engine was from Pueblo, Colo., to the station of Horace, this state. That at 10 p. m. on the night of that day the engine, not having completed its run, and having reached the station of Keyser, this state, the fireman signed the "rest register" but was by defendant company thereafter permitted to remain on his engine as watchman in charge until the engine was drawn by another engine to the end of the run, Horace station, which was reached at 11:30 p. m. that night; the hours of continuous service of Scott on that day being, as locomotive fireman from 6 a. m. to 10 p. m., as watchman in charge of the engine from 10 p. m. to 11:30 p. m., total, 17½ hours.

Count 2. That on the following day said Scott as locomotive fireman was required to go out on his run from Horace, this state, to Pueblo, Colo., at the hour of 8 o'clock a. m. without having had the 12 hours of rest from his former day's service as required by the statute, if the time he was engaged as watchman on the previous day should be computed as hours of service within the purview of the act.

Count 3. The defendant on October 20, 1911, permitted its locomotive fireman O. M. Provorse, on a run from Pueblo, Colo., to Horace, this state, to remain on duty as fireman preparatory to going out on his run, from 5:30 a. m. to 6:30 a. m., and to serve as fireman of the locomotive on his run from 6:30 a. m. to 9:30 p. m., and as watchman in charge of his engine while it was drawn by another engine from Sheridan Lake, Colo., to the end of the run at Horace, Kan., which station was reached at the hour of 3:50 a. m. on the morning of October 21st, thus permitting and requiring its said locomotive fireman Provorse to be on duty preparatory to going out on his run one hour, to be actually engaged as locomotive fireman on his run fifteen hours, and to act as watchman of his engine while being drawn to the station of destination six hours, or, a continuous service of twenty-two hours, if the space of six hours in which he watched his engine while it was being drawn shall be computed.

From the statement made it is obvious the question presented is: Shall the time spent by the fireman as watchman in charge of his engine being drawn by another engine to the terminal station be computed in the hours of service as contemplated by the statute?

As stated in the stipulation of the parties, the duties of the fireman so engaged as watchman in charge of his engine are to keep a certain amount of fire in the furnace, to see the water does not run too low

in the boiler, and that a certain amount of steam pressure is preserved. Aside from such duties, the engine employed in drawing the train is in charge of another crew as is the movement of the train itself.

The term "employés," as employed in and defined by the act itself, is "persons actually engaged in or connected with the movement of any train." While it is quite clear a watchman so in charge of an engine has no control over the train movement, hence is not actually engaged in such movement, it is not so clear he is in no manner connected with the movement of the train.

While the question presented is, so far as I find, of first impression, yet, considering the remedial nature and humane purpose of the act, the character of the duties imposed upon such watchman, as stipulated by the parties, and all the facts and circumstances presented by the record to which consideration should be given, I am forced to the conclusion the time so spent by a locomotive fireman in watching his engine must be computed as hours of service within the purview of the act, and for the following, among other reasons which might be given:

The humane feature of the statute being considered, it must be thought the Congress intended, at or before the expiration of the 16-hour period of service provided therein, an employé engaged in the movement of the train would, from exhaustion of body and mind, be in need of relaxation and rest, freed from all responsibility and care for the safety of himself and others. That the cab of a moving engine in such watchman is required to ride is not such place as in the absence of any duty to be performed is conducive to that rest and relaxation required by the statute is a matter of common experience and knowledge. However, when to this self-evident fact, as in this case, there is superadded the duties imposed on one so situate, as by the parties stipulated, the question of relaxation, rest, and sleep required by the statute must be almost if not altogether, impossible.

Again, aside from the humane purpose of the act, regarded from the standpoint of the welfare of the employé himself, and looking alone to the safety of the employé and others, it is evident the nature of the duties required of such watchman, if from loss of vigilance through exhaustion or sleep, he should permit the water in the boiler to be entirely consumed, the danger from wreck of the train or other disaster by explosion involving himself and others is apparent.

All things considered, I am of the opinion it must be held such watchman is in a manner actually engaged in connection with the movement of the train, and to such extent as brings the time so consumed within the hours of service as contemplated by the act. If such construction of the statute is correct and it shall impose a burden too severe on railroad companies, the remedy lies with the lawmaking power, not the courts.

It follows, on the agreed facts, judgment on all counts must enter for the plaintiff. However, as the defense is meritorious, and the question presented thereby one of first impression, the amount of the penalty assessed on each count will be the sum of $100.

Let judgment enter for $100, and costs, on each count of the petition.