GRAND TRUNK RY. CO. v. UNITED STATES.

(Circuit Court of Appeals. Seventh Circuit. October 5, 1915. Rehearing Denied January 3, 1916.)

No. 2166.

1. CARRIERS ⊕37—CONFINEMENT OF LIVE STOCK—LIABILITY FOR PENALTIES.
    Act June 29, 1906, c. 3594, § 1, 34 Stat. 607 (Comp. St. 1913, § 8651), provides that no railroad, whose road forms any part of a line of road over which animals shall be conveyed from one state or territory into or through another state or territory, shall confine them for longer than 28 consecutive hours without unloading them for rest, water, and feeding. A shipment of horses from a point in Ontario, Canada, to a point in British Columbia, passing through Michigan and Illinois en route, was confined in excess of 28 hours while being transported from a point in Michigan into and through the state of Illinois to a point therein where the animals were

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

unloaded. *Held*, that this constituted a violation of the statute, the point of origin of the shipment and its final destination not being material.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. ⊗⇒37.]

**2.** PLEADING ⊗⇒375—CONFINEMENT OF LIVE STOCK—ACTIONS FOR PENALTIES.

Under Act June 29, 1906, prohibiting the confinement of live stock in cars for more than 28 consecutive hours without unloading, unless prevented by storm or by other accidental or unavoidable causes, the existence of storms or other unavoidable causes is a matter of defense, and in an action for the statutory penalty an allegation in the declaration negativing their existence was surplusage, not requiring to be proved.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1224; Dec. Dig. ⊗⇒375.]

**3.** PLEADING ⊗⇒63—STATUTES—EXCEPTIONS AND PROVISOS.

Whether or not an exception or proviso in a statute need be pleaded depends upon its separableness from the clause describing the offense—not separableness in locality, but in respect of its being a part of the definition of the offense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 10, 133; Dec. Dig. ⊗⇒63.]

**4.** CARRIERS ⊗⇒37—CONFINEMENT OF LIVE STOCK—LIABILITY FOR PENALTIES —"WILLFULLY."

Act June 29, 1906, provides that any railroad company which knowingly and "willfully" fails to comply therewith shall for every such failure be liable for a specified penalty. *Held*, that an evil intent is not required, and it is a violation for defendant purposely or intentionally to fail to obey the statute, having knowledge of the facts.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. ⊗⇒37.]

For other definitions, see Words and Phrases, First and Second Series, Willfully.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

Action for statutory penalties by the United States against the Grand Trunk Railway Company. Judgment for the United States, and defendant brings error. Affirmed.

The United States, defendant in error, brought this suit against plaintiff in error to recover a penalty for violation of the act of June 29, 1906 (U. S. Comp. Stat. 1901, Supp. 1911, p. 1341), commonly known as the Twenty-Eight Hour Law, and being "An act to prevent cruelty to animals while in transit," etc. The declaration is in one count, and charges that plaintiff in error knowingly and willfully confined a shipment of horses, loaded at Lucknow, in Ontario, Canada, transported from that point over its road through Michigan into Illinois, and destined to a point in British Columbia, for a period exceeding 28 hours, without unloading, in accordance with the requirements of the statute. The cause was submitted to the court without a jury, upon a stipulation of facts in substance as follows: The shipment, consisting of two cars containing 17 horses each, was loaded at 12 o'clock noon on February 1, 1911, at Lucknow, in Ontario, Canada, and left that place on that date; it reached Port Huron, Mich., at 12:50 a. m. on February 2, and Elsdon, Ill., on February 3, where it was unloaded at 11:30 a. m. on that day, making a total period of 46 hours and 30 minutes from the time it left Lucknow. The point of destination was New Westminster, British Columbia, in the Dominion of Canada, and the shipment was unloaded for the purpose of watering, feeding, and rest-

ing the animals at Elsdon, Ill. It was a continuous, through shipment between the above two Canadian points by connecting carriers, of which plaintiff in error was the originating carrier and carried the animals in question from Lucknow, Ontario, to Elsdon, Ill., on its own road. On one of the cars there was a 36-hour request. Upon the evidence thus presented, the court entered judgment against plaintiff in error in the sum of $500, to reverse which judgment this writ of error was sued out.

George W. Kretzinger, Jr., of Chicago, Ill., for plaintiff in error.
Charles F. Clyne and Frederick Dickinson, both of Chicago, Ill., for defendant in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). The pertinent sections of the statute under which this suit was instituted, omitting the portions not essential to the consideration of the case, provide:

"That no railroad * * * whose road forms any part of a line of road over which cattle, sheep, swine, or other animals shall be conveyed from one state or territory or the District of Columbia into or through another state, or territory, or the District of Columbia, * * * shall confine the same * * * for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which cannot be anticipated or avoided by the exercise of due diligence and foresight. * * * That any railroad * * * who knowingly and willfully fails to comply with the provisions [of the act] shall for every such failure be liable for and forfeit and pay a penalty of not less than one hundred nor more than five hundred dollars."

[1] It is plaintiff in error's contention that the provisions of the statute are applicable only to shipments of live stock originating within the United States; that since the point of origin of the shipment here involved was in Ontario, Canada, there was no violation of the act, notwithstanding the fact that the period of confinement while passing through Michigan and Illinois en route to final destination in British Columbia, as to one of the cars, exceeded the 28-hour limitation.

We find no difficulty in applying the act to the conceded facts in this case, and in doing so it is unnecessary to give to any of the words of the act a meaning different from their fair and obvious signification. Whether or not the period of time which intervened the initial shipment from Lucknow, Canada, and the arrival of the stock car at the Michigan line, should be taken into consideration, need not now be passed upon. Plaintiff in error carried the animals here involved over its road from the state of Michigan into and through the state of Illinois, and confined them without rest, food, or water beyond the permitted number of hours while they were being thus conveyed. The point of origin of the shipment and its final destination are therefore, in our opinion, not here material. There is a wide difference between the provisions of the Interstate Commerce Act and its amendments in respect to the circumstances of this case, and the provisions of the present act. Decisions holding that shipments in bond from a point in a foreign state through states or territories of the United States to an-

other foreign point do not come within the provisions of the Commerce Act are not pertinent. The object of the latter act is not thwarted by such a shipment, nor are the interests of the people of the United States affected thereby; whereas, the infliction of the cruelty upon animals prohibited by the statute, within the United States, is a violation of the purpose of the 28-hour law whenever it occurs within the jurisdiction of the federal government. The construction contended for by plaintiff in error would enable a foreign shipper to transport stock from Windsor, Canada, to Mexico, through the States without resting, feeding, or watering the same, and thereby defeat the purpose of the statute. "A statute, penal or otherwise," the Supreme Court has said, "must be construed with reference to the object in view, and never so interpreted as to defeat its own purpose if any other reasonable meaning is possible." The Emily, 9 Wheat. 381, 6 L. Ed. 116.

[2, 3] It is further urged that no case was made out against plaintiff in error, because the negative allegation of the declaration with respect to the absence of storms or other unavoidable causes excusing compliance with the act was not proved by affirmative evidence, and that there is no showing that the statute was willfully violated. Whether or not an exception or proviso in a statute need be pleaded depends upon its separableness from the clause describing the offense—not separableness in locality, but in respect of its being a part of the definition of the offense. As was said by the Supreme Court in United States v. Cook, 17 Wall. 168, 176, 21 L. Ed. 538:

"If the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it cannot be omitted in the pleading, but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is a matter of defense and must be shown by the other party, though it be in the same section or even in the succeeding sentence."

The exception here falls clearly within the latter class, and therefore the allegation in the declaration negativing the exception was mere surplusage, and proof in support thereof was unnecessary. The Circuit Court of Appeals for the First Circuit, in New York Cent. & H. R. R. Co. v. United States, 165 Fed. 833, 91 C. C. A. 519, has held that the government need not allege or prove the nonexistence of accidental or unavoidable causes excusing compliance with the provisions of the 28-hour law. See also United States v. Great Northern Ry. Co., 220 Fed. 630, 136 C. C. A. 238.

[4] The word "willfully," as used in the act, has a number of times engaged the attention of the courts, and has quite uniformly been held not to require an evil intent, but only that the defendant should have purposely or intentionally failed to obey the statute, having knowledge of the facts. New York Cent. & H. R. R. Co. v. United States, supra; St. Louis & S. F. R. Co. v. United States, 169 Fed. 69, 94 C. C. A. 437; United States v. Sioux City Stockyards Co. (C. C.) 162 Fed. 556; United States v. Union Pacific Ry. Co., 169 Fed. 65, 94 C. C. A. 433. In St. Joseph Stockyards Co. v. United States, 187 Fed. 104, 110 C. C. A. 432, and C., B. & Q. Ry. Co. v. United States, 194 Fed. 342, 114

C. C. A. 334, cited by plaintiff in error, "willfully" is defined as meaning:

"Purposely or obstinately, and is designed to describe the attitude of a carrier who, having a free will or choice, either intentionally disregards the statute or is plainly indifferent to its requirements."

We think the evidence in the present case clearly shows such knowledge of the facts on the part of plaintiff in error and such indifference to the requirements of the statute as to constitute a willful violation thereof.

The judgment of the District Court is affirmed.