## UNITED STATES v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. March 29, 1918.)

No. 4993.

CARRIERS ⬥⟶37—TWENTY-EIGHT HOUR LAW—VIOLATION.

That the initial carrier kept live stock continuously confined in cars for a longer period than 28 hours, without request of the shipper, is no defense to an action against a connecting carrier to recover the penalty for violation of the Twenty-Eight Hour Law (Act June 29, 1906, c. 3594, 34 Stat. 607 [Comp. St. 1916, § 8651]) § 1, by receiving the stock and continuing the carriage with knowledge of such prior confinement; the statute expressly declaring that "in estimating such confinement . * * * the time during which the animals have been confined * * * on connecting roads shall be included."

In Error to the District Court of the United States for the Northern District of Iowa; Henry Thomas Reed, Judge.

Action by the United States against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

For opinion below, see 234 Fed. 386.

Seth Thomas, Asst. U. S. Atty., of Ft. Dodge, Iowa (F. A. O'Connor, U. S. Atty., of New Hampton, Iowa, on the brief), for the United States.

John N. Hughes, of Cedar Rapids, Iowa (Charles R. Sutherland, of Cedar Rapids, Iowa, on the brief), for defendant in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

STONE, Circuit Judge. Violation of Twenty-Eight Hour Law. Without any 36 hour release clause, the initial carrier transported the cattle for more than 35 hours and delivered them to defendant in error, which continued the shipment for 22½ hours. At no time were the cattle unloaded.

The case was cast upon a special demurrer, based solely upon the ground:

"That the petition shows upon its face that said stock was confined in the car for more than the statutory period prior to the time that they came into the possession and control of the defendant, and the crime, if any there was committed, was completed prior to the time that the defendant received or had control of said stock."

A question of pleading as to whether the plaintiff pleaded conclusions of law or ultimate facts in its allegation that the defendant acted "knowingly and willfully" is not within the special demurrer and cannot be considered.

The single point before the court is whether the act is violated by a connecting carrier which receives and further transports live stock already carried overtime. The defendant contended that the offense was completed before it received the shipment and that a mere continuation by it of the confinement is not within the statute. We are unable to accept this view. The question is one of statutory construction. Fortunately, the statute declares its own intention. It reads:

"In estimating such confinement, * * * the time during which the animals have been confined without such rest or food or water on connecting roads shall be included, it being the intent of this act to prohibit their continuous confinement beyond the period of twenty-eight hours, except upon the contingencies hereinbefore stated."    Comp. St. 1916, § 8651.

Congress determined the period of time during which live stock could safely be continuously carried without opportunity for recuperation. It recognized that the longer stock might be carried beyond that limit the greater the suffering and damage. Therefore it penalized every carrier which knowingly and willfully continued the carriage beyond the prescribed period. The offense is in *continuing* the unlawful carriage. N. Y. Central & H. R. Co. v. U. S., 203 Fed. 953, 122 C. C. A. 255; U. S. v. Railroad Co. (D. C.) 206 Fed. 513; U. S. v. N. P. Term. Co. (C. C.) 186 Fed. 947; U. S. v. N. P. Term. Co. (C. C.) 181 Fed. 879. This is not the case of a terminal company receiving the overtime shipment for prompt carriage to an unloading place. St. Louis M. B. Term. R. Co. v. U. S., 209 Fed. 600, 126 C. C. A. 422; St. Joseph Stockyards Co. v. U. S., 187 Fed. 104, 110 C. C. A. 432; N. P. Term. Co. v. U. S., 184 Fed. 603, 106 C. C. A. 583; U. S. v. Stockyards Term. R. Co., 178 Fed. 19, 101 C. C. A. 147. The distinction is well drawn in U. S. v. Lehigh Valley R. Co. (C. C.) 184 Fed. 971, which was affirmed (187 Fed. 1006, 109 C. C. A. 211) upon the opinion of the District Court.

The demurrer should have been overruled. The judgment is reversed.