GRAND TRUNK WESTERN RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.    April 2, 1918.)

No. 3088.

1. CARRIERS ⬦37—CARRIAGE OF LIVE STOCK—TWENTY-EIGHT HOUR LAW.

Under the Twenty-Eight Hour Law (Act June 29, 1906, c. 3594, 34 Stat. 607 [Comp. St. 1916, §§ 8651–8654]), forbidding the confinement of shipments of live stock for more than 28 consecutive hours, but allowing shippers to extend the time of confinement to 36 hours, it is the established rule that the time during which a shipment of live stock is confined by a connecting carrier shall be included in the statutory period.

2. CARRIERS ⬦37—TWENTY-EIGHT HOUR LAW—VIOLATIONS.

Under the Twenty-Eight Hour Law, forbidding the confinement without unloading of shipments of cattle or of live stock for more than 28 consecutive hours, but authorizing the shipper to extend the period for 36 hours, defendant railroad company, which received a shipment of cattle originating in Canada, which the owner had consented should be confined for 36 hours, is guilty of a violation of the act, where it confined animals after receipt in the United States for a period which, added to the time they had been confined in Canada, exceeded 36 hours, for the purpose of the act was to prevent cruelty to animals, as well as to prevent impairment of their food value by reason of their excessive confinement, and so it is applicable to shipments originating in Canada, where in the course of interstate commerce they are brought into the United States.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action by the United States against the Grand Trunk Western Railway Company for a violation of the Twenty-Eight Hour Law. There was a judgment for the United States, and defendant brings error.    Affirmed.

Harrison Geer, of Detroit, Mich. (W. K. Williams, of Detroit, Mich., of counsel), for plaintiff in error.

John E. Kinnane, U. S. Atty., of Detroit, Mich., Wm. M. Williams, Solicitor of Dept. of Agriculture, of Montgomery, Ala., J. Edward Bland, Asst. U. S. Atty., of Detroit, Mich., and J. L. Carr, of Washington, D. C., for the United States.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge.    This action is brought by the United States under the Twenty-Eight Hour Law, so called (34 Stat. c. 3594, U. S. Comp. Stat. 1916, § 8651 and following).    The defendant (plaintiff in error here) is a railroad corporation engaged in interstate com-

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

merce by railroad, its road extending from Port Huron, Mich., to Chicago, Ill. It is a part of the Grand Trunk Railway System, so called. The shipment in question, which consisted of three carloads of cattle, originated in West Toronto, Ont., with destination at Chicago, by way of the Grand Trunk Railway of Canada from West Toronto to Sarnia, Ont:, from the latter place to Port Huron by way of the St. Clair Tunnel Company, and from Port Huron to Chicago by defendant's own line.

The time of confinement was, at the owner's request, extended to 36 hours. When the cars reached Port Huron the cattle already had been confined 26 hours and 15 minutes; they were detained at Port Huron 13 hours and 25 minutes more. The 36 hours had thus not elapsed when the cattle reached Michigan, but they were actually detained in that state for 3 hours and 40 minutes after the lapse of the permitted 36-hour period.

[1, 2] The trial court directed verdict for the government. The only controversy here arises over defendant's contention that the statute does not apply to a shipment from the Dominion of Canada into the United States unless there was a confinement within the United States alone beyond the time permitted by the statute. The argument is that the act, as shown, not only by its terms, but by its title, confines the prohibition of confinement to live stock, "shipped from one state or territory, or the District of Columbia, into or through another such state or territory or the District of Columbia for a longer period than 28 hours without unloading," etc.; that "no mention is made of confinement of shipments originating within the Dominion of Canada and moving into the United States"; that "a province of the Dominion of Canada is obviously neither a state, territory, nor the District of Columbia"; and that the act thus cannot be made to cover the confinement of live stock during transit within the Dominion of Canada when the shipment originated there.

We cannot agree with this contention. The statute (Comp. St. 1916, § 8651) omitting words inapplicable here, provides that:

"No railroad * * * whose road forms any part of a line of road over which cattle * * * or other animals * * * shall be conveyed from one state * * * into or through another state * * * shall confine the same in cars * * * for a period longer than 28 consecutive hours without unloading the same in a humane manner, into properly equipped·pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by" [conditions not existing here].

A provision for extension of time of confinement to 36 hours follows.

The statute plainly applies to the cattle in question, for defendants were engaged in interstate commerce, and the cattle were in course of interstate transportation, viz. from Michigan to Illinois. It is the established rule, generally, that the time during which cattle have been confined by a connecting carrier shall be included in the computation of the period of statutory confinement. 25 Op. Atty. Gen. 411 (Op. of Atty. Gen.—later Mr. Justice—Moody); N. Y. C., etc., R. R. Co. v. United States (C. C. A. 2) 203 Fed. 953, 122 C. C. A. 255.

The intention of the act, as indicated by its title, is to "prevent cruelty to animals in transit." B. & O. S. W. R. R. Co. v. United States, 220 U. S. 94, 106, 31 Sup. Ct. 368, 55 L. Ed. 384. It also has in view the protection of the public in preventing "injury to the public health from the sale of cattle for food made ill and feverish by hunger, thirst, and exhaustion." United States v. Lehigh Valley R. R. Co. (C. C.) 184 Fed. 971, 973; United States v. Pere Marquette R. R. Co. (C. C.) 171 Fed. 586, 588. As applied to this case, the substantive offense is not the carrying of the cattle in Canada, but their detention in the United States for such time as makes a total continuous confinement in excess of the statutory period. The act is thus violated in spite of the fact that a part of the confinement necessary to make up the statutory period had occurred in Canada. United States v. Lehigh Valley R. R. Co., supra; s. c. 187 Fed. 1006, 109 C. C. A. 211; Grand Trunk Railway of Canada v. United States (C. C. A. 2) 191 Fed. 803, 112 C. C. A. 317; Grand Trunk Ry. Co. v. United States (C. C. A. 7) 229 Fed. 116, 143 C. C. A. 392, Ann. Cas. 1917B, 1094.

In United States v. Lehigh Valley, supra (where the judgment below was affirmed by the Circuit Court of Appeals of the Second Circuit on the opinion of the District Judge), the shipment originated in the United States, passed through Canada, and then again into the United States; part of the previous confinement being in the United States and part in Canada. The excess was again in the United States; an offense was held to have been committed, Judge Holt saying (184 Fed. 976):

"It is, of course, true that their confinement in New York would not have constituted an offense without their previous confinement, part of which was in Canada; but the previous confinement in Canada or elsewhere is not a part of the offense, although a fact necessary to its existence."

In the Grand Trunk Railway Case, passed upon by the Circuit Court of Appeals for the Seventh Circuit, the shipment (as in this case) originated in Canada, and part of the confinement occurred there. The excessive confinement was in the United States, and this confinement was held to be within the prohibition of the act. That case differs from the instant case only in the fact that there the destination was also in Canada. The underlying principle, however, is the same.

The Grand Trunk Railway Case passed upon by the Circuit Court of Appeals of the Second Circuit (above cited) is equally in point. There the shipment originated in Michigan; it was delivered by the initial carrier to the defendant at Port Huron, in that state, after a confinement of 16 hours. The cattle were then carried by defendant through Canada to Black Rock, N. Y., where they were delivered to another railroad company, 33 hours later. The confinement by the defendant in the United States was but one hour, and it is evident that there was no unlawful confinement, but for the period occupied in transporting the cattle through Canada. The defendant there, as here, contended that its action in the confinement of the cattle for a longer period than 28 hours in Canada should not be considered. This contention was rejected, Judge Coxe saying:

"When the defendant brought the animals into the United States they had been for 49 hours without food, water, or rest, in violation of the statute. When the car entered the United States, the acts forbidden by the law had been committed, and this situation was continued by the defendant for the period of an hour. In other words, the defendant violated the law *and continued the violation while in the United States*." (Italics ours.)

The fact that in the instant case the shipment originated in Canada does not distinguish it in principle from the three cases last cited.

It is thus clear, on both principle and authority, that the District Court rightly held that defendant's confinement of the cattle in the United States for such period as, added to their confinement in Canada, made a total, continuous confinement in excess of the statutory period, constituted a violation of the act.

The judgment of the District Court is affirmed.