The UNITED STATES of America,
Plaintiff,

v.

SOUTHERN RAILWAY COMPANY,
Defendant.

Civ. A. No. 7352.

United States District Court
N. D. Georgia,
Atlanta Division.

May 9, 1962.

Charles Goodson, U. S. Atty., and Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Greene, Neely, Buckley & DeRieux, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

The United States brings this action against defendant railway company for alleged violation of certain orders of the Interstate Commerce Commission.

Count One alleges violation of § 136.51 which provides that a track relay shall be in a deenergized position whenever

"a train, locomotive, or car occupies any part of a track circuit, including fouling section of turnout, except turnouts of a hand-operated main track crossover."

It charges violation of § 136.205 requiring that block signals will display their most restrictive aspects when points of a switch are not closed in proper position. Also § 136.410 requiring each hand operating switch in the main track where train movements exceed twenty miles per hour shall be electrically locked in normal position.

Violation of the above on June 29, 1950 is charged, it being alleged that defendant

"maintained in operation a traffic control and automatic train stop system containing a track relay which would not be deenergized when a train * * * occupies the fouling section of the turnout of a hand operated switch installed in said block."

In Count Two it is alleged that defendant had so installed circuits

"that said signals governing train movements into said block would not display their most restrictive aspects when the points of a hand-

operated switch in said block were not closed in proper position."

In Count Three it is charged that defendant

"maintained a hand-operated switch installed in the main track where train movements exceed twenty miles per hour without being electrically locked in normal position."

Plaintiff prays Judgment in the sum of One Hundred ($100.00) Dollars on each Count.

Substantially defendant does not deny the facts relied upon by plaintiff, but in its answer filed October 24, 1960 in paragraph three, states:

"defendant avers that the switch referred to in the complaint was maintained in accordance with the general practice of railroads in the United States, the standards of the Association of American Railroads, and interpretations of the Interstate Commerce Commission of said order."

CONTROLLING AUTHORITIES.

■ The authority of the Interstate Commerce Commission to adopt the foregoing regulations is contained in 49 U. S.C.A. § 26, and this is a civil action under the Signal Inspection Law. United States v. Great Northern Railway Co., 7 Cir., 220 F. 630; United States v. Kansas City Sou. Ry. Co., 10 Cir., 202 F. 828.

■ The defense interposed is predicated upon the contention of defendant that the switch in question was established for the purpose of temporarily moving certain work equipment from defendant's main line to a graded area where a new track was being constructed, defendant alleging it established safety factors to protect this switch while being so used. Defendant contends the switch in question was out of service because it was spiked. This Court however, cannot pass upon the question as to whether measures adopted by the defendant railway company were adequate as the rules seem to be ab-

solute, and the defendant could not substitute its judgment for that of the Commission. Chicago B. & Q. Ry. v. United States, 220 U.S. 559, 31 S.Ct. 612, 55 L.Ed. 582; Shields v. Atlantic Coast Line, 350 U.S. 318, 76 S.Ct. 386, 100 L.Ed. 364.

Counsel for the Government point out certain circumstances not necessary here to be repeated under which hazards could exist even under practices which defendant contends were in effect by it.

The defendant could have filed application for relief under § 136.410 but did not do so. On the hearing it was stated that considerable time would have been required to obtain such relief, but that would not appear to be a valid excuse for non-compliance.

Defendant relies primarily upon affidavit by Archie Davidson, Assistant Division Engineer which purports to give the facts and circumstances in connection with the alleged violation of the rules which places great emphasis upon the practice of defendant to see

"that the switch parts were kept securely spiked and blocked at all times except when track forces were moving the special rail panel distribution cars into the area."

■ Defense counsel in their brief make reference to the Interstate Commerce Commission's Order Ex Parte #171 involving applications made by the Seaboard Airline Railway Company, and the facts in connection therewith from which counsel draws the inference that

"it becomes at once apparent upon a reading of Ex Parte #171 that the Commission has approved a continuing deviation from the terms of Section 136.410 under circumstances almost identical with those which defendant has shown to have existed at the time of its very brief and long since terminated deviation from the terms of that same section."

This defense also seems to this Court to be without merit.

Counsel for the United States shall within fifteen days hereof present to this Court a Judgment in accordance herewith.

Motion for Summary Judgment filed by defendant is overruled and denied.