LEONARD MORELAND, RESPONDENT, v. DIRECTOR-GEN-
ERAL OF RAILROADS, APPELLANT.

Submitted March 21, 1921—Decided June 20, 1921.

1.  The General Railroad act (*Comp. Stat.*, p. 4231, ¶ 26; *Pamph.
    L.* 1903, *p.* 659) provides "it shall be the duty of every railroad
    company," &c., to construct and keep in repair "good and suffi-
    cient passages over, under and across the railroad," &c., "pro-
    vided, that this section shall not enlarge the duty imposed by its
    charter," &c., of railroads, "incorporated by special act and
    whose railroad was constructed before April 2d, 1873."—*Held*, it
    is for the defendant to set up the proviso of the statute and prove
    the facts, if any, in avoidance of the general provisions of such
    statute.
2.  The rule is, when the exception is contained in a proviso and not
    in the enacting clause of a statute, the party seeking an avoid-
    ance of the general provisions of the statute must set up the
    proviso in the statute and prove the facts.  The exception con-
    tained in the proviso is a matter of defence.
3.  It is sufficient *prima facie* for the plaintiff, in an action to re-
    cover damages for personal injuries caused by a defect in a rail-
    road grade crossing to prove the defect in the crossing.  Exculpa-
    tion was for the defendant.

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin, George S. Hobart*
and *Edward A. Markley.*

For the respondent, *Wood McKee.*

The opinion of the court was delivered by

BLACK, J.  This was an accident case.  The trial resulted
in a verdict for the plaintiff.  The only error assigned, as
a ground of appeal, is that the trial court refused to direct
a verdict in favor of the defendant.  The allegations are,
there was no evidence of any negligence shown on the part
of the defendant and the plaintiff was guilty of contributory
negligence.  The latter was abandoned, in the brief, on the
argument. The essential facts are: The plaintiff, on the even-

ing of January 2d, 1918, while passing over a railroad grade crossing on foot, at Aycrigg avenue in the city of Passaic, was injured. He thus describes the occurrence: "My left foot struck a plank that stuck way up above the rail and I tripped, and I only caught myself for a second or two, and I stepped down with the other foot into a little place in this crossing and fell down and broke my leg." He was accompanied by his brother, who corroborated his testimony and further testified, that the first plank projected "about four inches, four and a half inches, the plank sticking up about three inches." On this testimony the trial court submitted to the jury the question of fact, whether or not the accident took place at the crossing in the way in which the plaintiff testified that it did; and if so, section 26 of the General Railroad act (*Comp. Stat., p.* 4231, ¶ 26; *Pamph. L.* 1903, *p.* 659) was applicable. That statute provides: "It shall be the duty of every railroad company owning, leasing or controlling any right of way for a railroad within this state, to construct and keep in repair good and sufficient bridges and passages over, under and across the railroad or right of way where any public or other road, street or avenue now or hereafter laid, shall cross the same, so that public travel on the said road shall not be impeded thereby. &c., provided, that this section shall not enlarge the duty imposed by its charter upon any railroad company incorporated by special act and whose railroad was constructed before the second day of April, eighteen hundred and seventy-three." It is conceded, if the above section of the General Railroad act was applicable, it was not error for the trial court to refuse to direct a verdict, and submit the question of negligence of the defendant to the jury as the triers of fact.

The trial court applied and followed the principle laid down in the cases of *Sonn* v. *Erie Railroad Co.,* 66 *N. J. L.* 428; affirmed, 67 *Id.* 350; *Sumkiwicz* v. *Atlantic City Railroad Co.,* 82 *Id.* 478; *Weller* v. *Lehigh, &c., Railway Co.,* 81 *Id.* 95; *Closter Dairy Farms* v. *New York Central and Hudson River Railroad Co.,* 88 *Id.* 559. It is elementary, public statutes need not be pleaded.

In those cases cited it was held, as against a railroad company charged by law with the duty to the public imposed on the defendant, it was sufficient, *prima facie,* to prove the defect in the crossing. Exculpation was for the defendant. But the argument is, that in the absence of such statutory obligation having been proven, there would be no absolute duty, but merely the duty to exercise reasonable care. To make out a case to go to the jury, there must have been some testimony offered by the plaintiff to show that the defendant knew there was a defect in the crossing, or that the alleged defect had existed for such a length of time as to charge the defendant with notice, under the well-known case of *Schnatterer* v. *Bamberger, &c., Co.,* 81 *N. J. L.* 558; applied to a defect in the metal strip upon the step of a stair in a department store. But the doctrine of that case is not applicable to the facts in this case. The solution, therefore, of the problem argued is simply a question of the burden of proof.

The record shows the director-general of railroads, on January 2d, 1918, was operating the Erie Railroad Company, that such company was organized under the laws of the State of New York with authority to do business in New Jersey, the crossing at Aycrigg avenue in the city of Passaic, where the accident occurred, was a part of that railroad system. The statute, by its terms, applies to "every railroad company owning, leasing or controlling any right of way within this state." If the exceptions in the proviso of the statute create any different rule of liability, the burden of pleading the proviso in the statute and showing the facts in avoidance was on the defendant. The rule succinctly stated is, when the enacting clause of a statute makes an exception to the general provisions of the act, a party pleading the provisions of the statute must negative the exception. But when the exception is contained in a proviso, and not in the enacting clause, the party pleading the statute need not negative the exception. It is for the other party to set it up in avoidance of the general provisions of the statute. *Chit. Plead.* *229;

21 *R. C. L.* 463, ¶ 29; 31 *Cyc.* 115, ¶ 19; *Cram* v. *Chicago, &c., Railroad Co.*, 84 *Neb.* 607; 26 *L. R. A.* (*N. S.*) 1029.

This rule has been applied by our courts to the drafting of indictments for statutory offences. *Mayer* v. *State*, 64 *N. J. L.* 323, 326; *State* v. *Marks*, 65 *Id.* 84; *Vandegrift* v. *Meihle*, 66 *Id.* 92.

The defendant did not set up this proviso of the statute or attempt to prove the facts, if any, which would avoid the general provisions of the statute, hence the trial court was not in error in submitting to the jury the rule of liability declared by the general provision of the statute, as defined and applied by this court.

Finding no error in the record, the judgment of the Supreme Court is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.