(90 Misc. Rep. 175)

HUSON, State Commissioner of Agriculture, v. RICHARD B. BROWN, Inc., et al.

(Supreme Court, Special Term, New York County.   April, 1915.)

1. FACTORS ⊙═⊃2½, New, vol. 17 Key-No. Series—BONDS—ACTION—PARTIES.
    An action on a bond given, pursuant to the Agricultural Law (Consol. Laws, c. 1) § 284, added by Laws 1913, c. 457, by an applicant for a license to do business as a commission merchant in farm produce, may be brought by the commissioner of agriculture.

2. FACTORS ⊙═⊃2½, New, vol. 17 Key-No. Series—COMMISSION MERCHANT—ACTION ON BOND—BURDEN OF PROOF.
    In an action on a bond given pursuant to Agricultural Law, § 284, by an applicant for a license to do business as a commission merchant in farm produce, the burden was on defendant to prove that the particular consignments in question were sold by it for consumption, and therefore were outside the general business for which it was licensed.

3. CONSTITUTIONAL LAW ⊙═⊃43 — ESTOPPEL — COMPLIANCE WITH STATUTE — VALIDITY OF STATUTE—WAIVER OF OBJECTION.
    By giving a bond pursuant to Agricultural Law, § 284, and receiving produce as a licensed commission merchant, the principal and surety on the bond waived their right to question the constitutionality of such statute.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 41; Dec. Dig. ⊙═⊃43.]

Action by Calvin J. Huson, as State Commissioner of Agriculture, etc., against Richard B. Brown, Incorporated, and another. Judgment for plaintiff.

Egburt E. Woodbury, Atty. Gen., for plaintiff.
Ward D. Williams, of New York City, for defendant Massachusetts Bonding & Ins. Co.

GREENBAUM, J.   [1] Section 284 of the Agricultural Law provides that every applicant for a license to do business as a commission merchant in farm produce shall, before the issuance thereof, "execute and deliver to the commissioner of agriculture a fidelity bond with satisfactory sureties in the sum of three thousand dollars to secure

the honest accounting to the consignor of the moneys received by such commission merchant from the sale of * * * farm produce sold on commission," and that an action may be maintained upon such bond by the commissioner of agriculture. The bond here sued upon is a sealed instrument executed by the defendant Richard B. Brown, Incorporated, as principal, and by the defendant Massachusetts Bonding and Insurance Company, as surety. It provides that the defendants "are held and firmly bound unto the people of the state of New York in the penal sum of $3,000 * * * well and truly to be paid to the said people of the state of New York, or their legal representative, attorney, or assigns," and recites that it is given pursuant to statute above quoted.

The defendant insurance company contends, relying upon the rule that none but the parties named in a sealed instrument may sue thereon, that this action is not maintainable by the commissioner of agriculture, since the bond does not run to him as the statute apparently prescribes. This rule, however, is not inflexible. Thus it has been held that a town may sue upon a bond, under seal, given for its benefit, although not a party thereto. Dyer v. Covington Township, 28 Pa. 186; Hopkins v. Town of Plainfield, 7 Conn. 286. In my view this rule has no application to the situation here presented. The bond in question recites that it was given pursuant to a public statute which expressly authorizes a suit thereon by the commissioner of agriculture. He is charged with the enforcement of the statute under which the bond was given, and is simply performing a duty required of him by law as representative of the people of the state of New York. Reading the statute into the bond, it is clear that the defendant insurance company must be deemed to have assented to an action thereon by the commissioner of agriculture. Indeed, the bond itself binds the surety to pay the amount thereof to the people "or their legal representatives," and in my opinion, under this language, the commissioner should be deemed the legal representative of the people and vested with the right to sue upon the bond. The act does not provide that the bond shall run to the people of the state, and to adopt the construction contended for by defendant might require the holding that the bond executed by defendant is unenforceable, thus practically operating as a fraud upon the people of the state and those who may have consigned produce upon the faith of the bond.

[2] The defendant insurance company also contends, relying upon section 282 of the Agricultural Law, that plaintiff has failed to prove that the produce consigned to its principal was not sold for consumption. The evident purpose of this section was to relieve merchants and others engaged in selling produce for consumption from the necessity of obtaining a license and complying with the other requirements of the statute. It must be assumed that the defendant R. B. Brown, Incorporated, in applying for a license, indicated its intention to conduct the business of receiving and selling farm produce for resale, and if the particular consignments in question were sold by it for consumption, and therefore outside the general business for which it was licensed, the burden of proving that fact rested upon the defendant.

[3] The defendant surety also attacks the constitutionality of the statute, but its principal, R. B. Brown, Incorporated, by giving the bond and receiving produce as a licensed commission merchant, has effectually waived its right to raise this question, and as surety defendant stands in no better position than its principal. Musco v. United Surety Co., 196 N. Y. 459, 90 N. E. 171, 134 Am. St. Rep. 851. It follows that a verdict must be directed in favor of the plaintiff.

Judgment accordingly.