(No. 5687. May 23, 1931.)

FRANK ZACH, Respondent, v. W. C. POND, Defendant, and FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Corporation, Appellant.

[299 Pac. 666.]

Frank T. Wyman and Frank T. Wyman, Jr., for Appellant Fidelity & Deposit Company of Maryland.

Sweeley & Sweeley and J. H. Barnes, for Respondent.

GIVENS, J.—Respondent sued defendant Pond as a produce dealer, and appellant Fidelity & Deposit Company of Maryland, as his surety, under chap. 236, Sess. Laws 1927, amended chap. 180, Sess. Laws 1929, for a balance of $1847 due on a sale of potatoes by respondent to defendant Pond, December 23, 1929, with interest from said date at seven per cent per annum.

The Fidelity & Deposit Company of Maryland, the only appellant, admitted that Pond was a produce dealer, and that it was his surety, but generally denied that the particular sale was within the terms of the statute.

At the trial, defendant Pond, as a witness for the respondent, testified that $1847 was the balance remaining due for potatoes purchased by him from respondent.

Respondent's son, who kept his father's accounts, testified in substance to the same effect.

Appellant assigns as error that respondent failed to prove fraud; that respondent was a consignor as defined in the statute, and that the potatoes were not purchased by Pond for his own use, or for retail sale in the state, or not sold in less than carload lots in retail trade; in other words, as to the last contention, that respondent did not show that the transaction did not come within any of the exceptions noted in the second sentence of section 2 of the act in question.

Section 6 of the act expressly provides that the bond shall be for the benefit of any consignor having a cause of action arising out of a breach of contract either express or implied, or in the alternative, fraud.

The record discloses at least an implied contract to pay for the potatoes purchased, and the trial court was justified in concluding that delivery had been made.

Whether the contract was for cash in hand or upon delivery, is, under the circumstances herein, immaterial, because the full amount was not paid at either time, and Pond's testimony that the $1847 was due at the time of the trial negatived any idea of credit extended.

Appellant did not assign as error the lack of evidence to show a delivery in carload lot or lots, and while in the body of the brief this failure is commented on, in the absence of a specific assignment of error thereof, we need not consider such point.

Respondent therefore made a *prima facie* showing that he was a consignor within the first portion of section 4, and it is unnecessary for us to consider, and we do not herein consider, the latter portion of said section 4.

There remains the question of the burden of proof with regard to the exceptions in the second sentence of section 2. Appellant admitted that Pond was a farm produce dealer as defined in the first sentence of section 2, but contends that the burden was on respondent to prove that this sale was not within any of the exceptions. Section 2 is as follows:

"A farm produce broker, farm produce dealer, or farm produce commission merchant, within the meaning of this Act is any person who shall contract to purchase, or who shall handle for compensation or promise thereof, for the purpose of resale or sale or who shall handle on account of or as an agent for another, any farm produce as herein defined, or who sells or offers for sale, who buys or offers to buy, negotiates or offers to negotiate the sale or purchase of fruits, vegetables and products of the apiary or any interest therein, either directly or indirectly. The provisions of this act shall not apply to any person who grows or produces farm produce, or purchases farm produce for his own use, nor to any person, who, being the owner of such farm produce, sells, exchanges, or otherwise disposes of it for his own account, nor to any person who makes purchase of such farm produce for the purpose of retail sale within the state, and who does resell such farm produce in less than carload lots and in the retail trade within the state. . . . . "

While there are authorities to the contrary, we deem the following in point, and controlling:

In *Grand Trunk R. Co. v. United States*, 229 Fed. 116, the statute read thus:

"That no railroad . . . . whose road forms any part of a line of road over which cattle, sheep, swine, or other animals shall be conveyed from one state or territory or the District of Columbia into or through another state, or territory, or the District of Columbia, . . . . shall confine the same . . . . for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which cannot be anticipated or avoided by the exercise of due diligence and foresight. . . . . That any railroad . . . . who knowingly and willfully fails to comply with the provisions (of the act) shall for every such failure be liable for and forfeit and pay a penalty of not less than one hundred nor more than five hundred dollars."

The court said:

"It is further urged that no case was made out against plaintiff in error, because the negative allegation of the declaration with respect to the absence of storms or other unavoidable causes excusing compliance with the act was not proved by affirmative evidence, and that there is no showing that the statute was willfully violated. Whether or not an exception or proviso in a statute need be pleaded depends upon its separableness from the clause describing the offense—not separableness in locality, but in respect of its being a part of the definition of the offense. As was said by the Supreme Court in *United States v. Cook,* 17 Wall. (U. S.) 168, 176, 21 L. ed. 538:

" 'If the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it cannot be omitted in the pleading; but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is a matter of defense and must be shown by the other party, though it be in the same section or even in the succeeding sentence.'

"The exception here falls clearly within the latter class, and therefore the allegation in the declaration negativing the exception was mere surplusage, and proof in support thereof was unnecessary. The Circuit Court of Appeals for the First Circuit, in *New York Cent. & H. R. R. Co. v. United States,* 165 Fed. 833, 91 C. C. A. 519, has held that the government need not allege or prove the nonexistence of accidental or unavoidable causes excusing compliance with the provisions of the 28-hour law. See also *United States v. Great Northern R. Co.,* 220 Fed. 630, 136 C. C. A. 238."

The same theory of pleading and proof based upon statutory construction has been announced in *Holbrook, Cabot & Rollins Corp. v. City of New York,* 277 Fed. 840, at 850; *McKelvey v. United States,* 260 U. S. 353, 43 Sup. Ct. 132, 67 L. ed. 301, at 304; *Moreland v. Director General of Rail-*

*roads,* 96 N. J. L. 228, 114 Atl. 424; 49 C. J., sec. 169, pp. 153, 154.)·

Such rule has been applied to a suit on a bond under a statute similar to ours. (*Huson v. Brown,* 90 Misc. Rep. 175, 154 N. Y. Supp. 131.)

The exceptions in the statute under consideration are not so essentially of the essence of the definitions in the first sentence of section 2 of the act, and the rights granted by the act, as to require, under the above rule, their negation by respondent; but to avail appellant, should have been plead and proved by it.

Thus, respondent's showing was sufficient.

Judgment affirmed. Costs to respondent.

Budge, Varian and McNaughton, JJ., concur.