609 P.2d 663

**In the Matter of the ESTATE of Dorothy L. BOWMAN, formerly Dorothy L. Cruse, Deceased.**

**Lyle A. SHAW, Petitioner-Appellant,**

v.

**William E. BOWMAN, Contestant-Respondent.**

**No. 12706.**

Supreme Court of Idaho.

April 17, 1980.

**132**

Wilfred W. Longeteig, Craigmont, and E. Don Copple, Boise, for petitioner-appellant.

William J. Dee and W. C. MacGregor, Jr., Grangeville, for contestant-respondent.

McFADDEN, Justice.

This is an appeal from a portion of a judicial order appointing William E. Bowman, contestant-respondent, the personal representative of the estate of his deceased wife, Dorothy L. Cruse Bowman. Also appealed is the order granting the respondent Bowman a homestead and family allowance from the deceased's separate property. Other parts of the order are not contested.

In 1966, the deceased, while still married to her first husband, Cyril C. Cruse, executed a will leaving certain personal effects to her daughter, Dianna Lee, and the remainder of her estate to her husband, Cyril Cruse. Cruse was named executor of the estate. The will provided that in the event that Cruse should predecease her the estate was to be divided equally between her daughter and son, Cyril Jr.; Lyle A. Shaw, petitioner-appellant, was to be named executor. Mr. Cruse died shortly after the will was executed. The widow married the respondent in 1969. No changes were made in the will during her marriage to the respondent.

Mrs. Bowman died on October 6, 1976, leaving three survivors, namely, her husband, respondent Bowman, and the two children from her first marriage. Shaw, the alternate executor named in the will filed an application for informal probate of the will and sought to be appointed personal representative. The application was granted and Shaw appointed personal representative. Subsequently Bowman filed a petition for adjudication of intestacy, determination of heirs, appointment of administrator and objections to the alleged will. In addition to this petition, he also filed petitions to set aside exempt property, for allowance of a homestead, and for a family allowance.

Following a court trial, the court decreed that Bowman be appointed personal representative, that he receive his share of the estate as though the testatrix died intestate, giving him all of the community property and one-half of the separate property (approximately $8,000).[1] The court set

---

1. *See* I.C. § 15–2–104(a)(4) and (b).

aside $3,500 as an exempt property allowance,[2] $4,000 as a homestead allowance[3] and $500 per month as a family allowance,[4] payable as of the date of decedent's death "but not to exceed in any event Twelve (12) months or a maximum of Six Thousand Dollars ($6,000.00) for such family allowance." The court also decreed that the homestead allowance, exemption of property and family allowance have priority over all claims against the estate and "should come first from the one-half (½) share of decedent's property which is not passing to the surviving spouse." The balance of decedent's separate property, if any, was to be distributed to decedent's heirs as named in her last will and testament.

Appellant, the personal representative, presents four issues on this appeal:

1. Whether decedent's will, executed at a time when former I.C. Title 14, Ch. 3, was in effect, was revoked by her subsequent remarriage where her death occurred after the effective date of the Uniform Probate Code (July 1, 1972), insofar as the appointment of a personal representative is concerned.

2. Whether before an award of a homestead allowance (under I.C. § 15–2–401), the applicant for allowance has the burden of proving the statutory prerequisite that "no homestead has been selected during life."

3. Whether the record justifies and supports the award of a family allowance in light of the requirement of I.C. § 15–2–403 that the surviving spouse must have been in fact . . . supported by the decedent.

4. Whether Shaw, the appellant, should be awarded attorney fees on appeal.

We will consider these issues in the same order as presented.

**I.**

. Basically, the first issue is whether the trial court erred in appointing Bowman as the personal representative of the estate. The trial court found, on what we consider substantial evidence:

"That the estate is of limited means, and after payment of the family allowance . . . and setting aside exempt property and homestead [allowance] there will be little, if any, estate left to distribute to any heirs other than the surviving spouse. That it would be inequitable and an unnecessary hardship on the estate to appoint any other person than the surviving spouse as the personal representative, particularly where it appears, as it does in the present case, that after setting aside such allowances . . . that the estate may be inadequate to discharge anticipated unsecured claims."

The court then concluded that Bowman, the surviving spouse, should be appointed personal representative, and entered its decree accordingly. It is our conclusion that the trial court erred in this regard.

Neither party questions whether decedent's will was revoked by the death of her former husband, Mr. Cruse. Nor do either of the parties seriously question, nor do we doubt, that under the facts of this case that the will was not revoked by decedent's subsequent marriage to Bowman. I.C. § 15–2–508 and comments to official text. *See Re Estate of Comassi*, 107 Cal. 1, 40 P. 15 (1895); *Re Burton's Will*, 4 Misc. 512, 25 N.Y.S. 824 (1893); *Parker v. Foreman*, 252 Ala. 77, 39 So.2d 574 (1949); 9 A.L.R.2d 505; *Annot.* Remarriage as Revoking Will, 9 A.L.R.2d 510.

I.C. § 15–3–203[5] establishes the priority for appointment of personal repre-

---

**2.** *See* I.C. § 15–2–402, Exempt property.

**3.** *See* I.C. § 15–2–401, Homestead allowance, n. 6 *infra*.

**4.** *See* I.C. § 15–2–403, Family allowance, n. 7 *infra*.

**5.** I.C. § 15–3–203:

"(a) Whether the proceedings are formal or informal, persons who are not disqualified have priority for appointment in the following order:

(1) the person with priority as determined by a probated will including a person nominated by a power conferred in a will;

(2) the surviving spouse of the decedent who is a devisee of the decedent;

sentatives. It is our conclusion that those provisions are mandatory and not to be disregarded. *See Vaught v. Struble*, 63 Idaho 352, 120 P.2d 259 (1941), where this court in interpreting the previous probate code (I.C.A. 15–312) held such provisions mandatory and not to be disregarded.

■ Respondent Bowman, however, asserts that the trial court's ruling that he be appointed as personal representative can be upheld on the theory that by reason of his claim for a family allowance that he is a creditor of the estate within the meaning of I.C. § 15–3–203(b)(1). Assuming that all other conditions to bring that provision into effect are met by this record, we disagree. I.C. § 15–1–201(5) defines for the purpose of the Uniform Probate Code the term "claim." *In Estate of Hutchinson*, 577 P.2d 1074 (Alaska 1978), the Supreme Court considered whether a family allowance was a "claim" within the meaning of AS 13.06.-050(4), which definition in the Alaskan statute is identical to that of I.C. § 15–1–201(5). That court held that a family allowance was not a claim, and in reaching this conclusion the court stated:

> "That [the fact that a family allowance is not a claim] is a permissible reading of the section because family allowances are not specifically included there as are, for example, expenses of administration. The wording of AS 13.11.135(a) [same as I.C. § 15–2–403] itself casts doubt on whether family allowances were meant to be included within the meaning of the word 'claims.' It states that family al-

lowances have priority over 'all claims not all *other* claims.' Moreover, the recipient of a family allowance is treated by other sections of the code as a 'distributee' rather than as a 'claimant'" [I.C. §§ 15–3–906, 15–3–909, and 15–3–1004]. 577 P.2d at 1076.

The analysis of the Alaskan court is persuasive. Shaw, who was named in the will as the person to serve as the executor, now personal representative, should have been continued in that appointment. Thus the trial court erred in its conclusion of law that respondent Bowman should have been appointed.

2.

■ The second issue involves the validity of the respondent's claim for a homestead out of the estate. In his petition for allowance of a homestead respondent alleged that he was the surviving spouse of the decedent and that they were domiciled together in Riggins, Idaho County, Idaho, and that he was still domiciled there; that decedent died possessed of community property and certain separate property, i. e., a residence sold during her lifetime for approximately $18,000, as well as a lot in Riggins, and other personal property which was her separate property. In his petition no mention was made of any other homestead ever having been selected during decedent's life. I.C. § 15–2–401[6] provides for the allowance of a homestead to a surviving spouse of $4,000, or of $10,000 if there are dependent issue living with the surviving

---

(3) other devisees of the decedent;
(4) the surviving spouse of the decedent;

   .    .    .    .    .

(b) An objection to an appointment can be made only in formal proceedings. In case of objection, the priority stated in subsection (a) of this section apply except that

(1) if the estate appears to be more than adequate to meet exemptions and costs of administration but inadequate to discharge anticipated unsecured claims, the court, on petition of creditors, may appoint any qualified person;

   .   .   .  "

**6.** I.C. § 15–2–401:

"Homestead allowance.—If no homestead has been selected during life and set aside, a surviving spouse of a decedent who was domiciled in

this state is entitled to a homestead allowance of four thousand dollars ($4,000) or ten thousand dollars ($10,000) if there are dependent issue living with the surviving spouse. If there is no surviving spouse, each minor child and each dependent child of the decedent is entitled to a homestead allowance amounting to ten thousand dollars ($10,000) divided by the number of minor and dependent children of the decedent if the same condition exists. The homestead allowance is exempt from and has priority over all claims against the estate. Homestead allowance is in addition to any share passing to the surviving spouse or minor or dependent child by the will of the decedent unless otherwise provided, by intestate succession or by way of elective share."

spouse. At the time of adoption of the Uniform Probate Code, the legislature modified the Uniform Act by adding the first sentence, "[i]f no homestead has been selected during life and set aside . . . ." Appellant filed no answer or denial of any of the facts alleged in respondent's petition. However, after respondent presented his proof at the hearing on his various petitions, appellant argued that the homestead allowance should be denied on the basis that the statutory requirements had not been put into evidence. He contended that under I.C. § 15–2–401 a showing that no prior homestead had been set aside during life was a prerequisite for claiming a probate homestead under the statute. We disagree with the appellant's contention.

■ In general, homesteads enjoy a favored status with the courts. Because of such favor, it has been held that all reasonable presumptions consistent with good faith should be indulged in favor of one claiming a homestead. 40 C.J.S. Homesteads § 196 p. 671; 40 Am.Jur.2d Homestead § 11 p. 123. In *Smith v. Tang,* 100 Ariz. 196, 412 P.2d 697, 704 (1966), the court held that the right to a probate homestead could not be waived by an antenuptial agreement not clear and explicit as to what rights were being waived, the award being a right given by statute with the underlying purpose of such an award to insure a home for the surviving spouse. This court in *Simmons v. Ewing,* 96 Idaho 380, 529 P.2d 776 (1974), held that even though the homestead allowance interfered with the testator's intent, this was insufficient grounds to defeat the award. (In *Ewing,* the award of a homestead deprived the two daughters of the deceased of property as is the situation here in the case at hand.) Even the fact that the surviving spouse left the state and continued to reside outside the state has not been held to constitute abandonment such as to deprive one of a homestead allowance. *Campbell v. Largilliere Co. Bankers,* 44 Idaho 293, 256 P. 371 (1927).

The appellant argues that no prima facie case was made for a homestead award due to the failure to show that no homestead was taken during decedent's lifetime. The essential question is whether the burden is on the claimant to prove the exception, i. e. that no homestead was claimed during the decedent's lifetime or whether the burden is on the objector to show that one was claimed. In *Zach v. Pond,* 50 Idaho 685, 299 P. 666 (1931), this court addressed the question of who has the burden of proving an exception and adopted the federal rule announced in *Grand Trunk Co. v. United States,* 229 F. 116 (7 Cir. 1916), which stated,

" 'If the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description then it cannot be omitted in the pleading; but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is a matter of defense and must be shown by the other party though it be in the same section or even in the succeeding sentence.' " *Zach v. Pond,* 50 Idaho 685, 689, 299 P. 666, 668 (1931).

The conclusion of this court is that the exception here is not part of the definition of the homestead right, but merely allows the contestant the opportunity to refute the homestead allowance. He can interpose an affirmative defense with the burden on him to prove the existence of such a prior declaration.

The appellant failed to present any affirmative defenses. In fact, he did not answer the petition for homestead allowance. Although he protested the award during the hearing, he failed to present to the court any evidence of a prior homestead having "been selected during life and set aside." Therefore, we affirm the holding of the lower court in awarding the respondent a homestead.

3.

■ The next issue involves whether respondent was entitled to the award of a family allowance. Appellant argues that

I.C. § 15–2–403 [7] required respondent to establish that prior to his wife's death he was actually supported by her, which he failed to do. However, appellant misreads this statute, which sets out three categories of persons entitled to this family allowance, "[1] the surviving spouse or [2] the surviving spouse and minor children whom the decedent was obligated to support and [3] children who were in fact being supported by him." Here we are only dealing with an allowance to the surviving spouse. I.C. § 32–901 provides that a husband and wife contract towards each other obligations of mutual respect, fidelity and support. Thus one spouse is obligated to support the other under the Idaho code. I.C. § 15–2–403 distinguishes between the situation of surviving spouses and surviving children whom the decedent was obligated to support, and the children who were in fact being supported. The only logical explanation for such distinction lies in the legislative intent to award a family allowance to either the spouse or minor children when the decedent was *obligated to* support them, as opposed to other children the decedent was not obligated to *support but who* did during lifetime provide such support.

Support for this conclusion is found in cases from other jurisdictions. In *Barry v. Phillips*, 329 P.2d 1046 (Okl.1958), it was argued that a widow who was employed was not entitled to an allowance. The court, in interpreting statutes similar to I.C. § 15–2–403 stated that notwithstanding the widow's present earning power, she was entitled to such reasonable allowance out of the estate as may be necessary for her maintenance during the settlement of the estate. That court pointed out that the purpose of a widow's allowance is to provide for the widow out of the deceased husband's estate until such time as the widow had, in due course of law, received possession and use of her share of the estate. It held even if the widow has independent means, whether from the deceased or otherwise, she is nevertheless entitled to receive the family allowance during the probate of the estate. *See In re Pugh's Estate*, 22 Wash.2d 514, 154 P.2d 308 (1944); *Ware v. Beech*, 322 P.2d 635 (Okl.1957).

The grant of a family allowance is within the discretion of the court as to the amount awarded. The amount of the award depends on the circumstances of the estate and the necessities of the surviving spouse and family. Wellman, Ed. Uniform Probate Code, Practice Manual Vol. I, p. 110. *See also* comments to the official text, I.C. § 15–2–403. Abuse of discretion is found only when the reviewing court is convinced that the award was clearly arbitrary and manifestly unreasonable. *In re Estate of Dillon*, 12 Wash.App. 804, 532 P.2d 1189, 1190 (1975); *Estate of Glein*, 512 P.2d 1151, 1153 (Mont.1973); *Annot.* 90 A.L. R.2d 687. *See also, Estate of Fleshman*, 51 Idaho 312, 5 P.2d 727 (1931). It is thus the conclusion of this court that we find no abuse of discretion by the trial court either in granting the family allowance or in the amount thereof.

---

7. I.C. § 15–2–403:

"Family allowance.—In addition to the right to homestead allowance and exempt property, if the decedent was domiciled in this state, the surviving spouse or the surviving spouse and minor children whom the decedent was obligated to support and children who were in fact being supported by him are entitled to a reasonable allowance in money out of the estate for their maintenance during the period of administration, which allowance may not continue for longer than one (1) year if the estate is inadequate to discharge allowed claims. The allowance may be paid as a lump sum or in periodic instalments. It is payable to the surviving spouse, if living, for the use of the surviving spouse and minor and dependent children; otherwise to the children, or persons having their care and custody; but in case any minor child or dependent child is not living with the surviving spouse, the allowance may be made partially to the child or his guardian or other person having his care and custody, and partially to the spouse, as their needs may appear. The family allowance is exempt from and has priority over all claims but not over the homestead allowance.

The family allowance is not chargeable against any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share. The death of any person entitled to family allowance terminates his right to allowances not yet paid."

Both appellant and respondent seek attorney fees on this appeal. There are two statutes involved in resolution of this issue, I.C. §§ 15–3–720 [8] and 12–121.[9] Respondent contends he is entitled to attorney fees from the estate by reason of the provisions of § 15–3–720. However, as previously discussed in this opinion, it is the conclusion of this court that he was not entitled to be appointed as the personal representative of this estate. Thus, his claim for attorney fees on this appeal must be denied. However, while appellant did not specifically claim attorney fees on this appeal under this section, it would appear that from the terms of this statute "he is entitled to receive from the estate his necessary expenses and disbursements, including reasonable attorney's fees incurred." This does not mean, however, that this is a cost to be awarded as against the respondent Bowman herein. If the estate itself, as apart from the personal representative of the estate, is to be entitled to an award of attorney fees against the respondent, it would be necessary for the estate to establish that the defense by respondent to this appeal was being maintained frivolously, unreasonably or without foundation. I.C. § 12–121; I.R.C.P. 54(e)(1, 2 and 3); I.A.R. 40; *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). The record would not sustain such a finding.

In summary, that portion of the order appointing respondent as the personal representative is reversed; that portion of the order granting a homestead allowance is affirmed; that portion of the order granting a family allowance is affirmed. No costs allowed. However, appellant may claim under the provisions of I.C. § 15–3–720, his necessary expenses and disbursements and as reasonable attorney's fees incurred on this appeal, payable out of the estate as a cost of administration, but not as against the respondent.

DONALDSON, C. J., and BAKES and BISTLINE, JJ., concur.

SHEPARD, J., concurs in the result.

---

8. I.C. § 15–3–720:

"Expenses in estate litigation.—If any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not, he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorney's fees incurred."

9. I.C. § 12–121:

"Attorney's fees.—In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees."