**In the Matter of the ESTATE OF Tod R. HOLMBERG, Decedent.**

No. A12–245.

Court of Appeals of Minnesota.

Sept. 10, 2012.

Review Denied Nov. 27, 2012.

Darrin M. Rosha, Rosha Legal Group, PLLC, Mound, MN, for appellant Lisa Roy.

David C. Olson, Lanners & Olson, P.A., Plymouth, MN, for respondent Janice Hanson–Holmberg.

Considered and decided by WRIGHT, Presiding Judge; ROSS, Judge; and HOOTEN, Judge.

## OPINION

HOOTEN, Judge.

In this probate action, appellant challenges the denial of her motion for attorney fees and expenses from the decedent's estate under Minn.Stat. § 524.3–720. Because appellant's self-nomination as personal representative of the estate was authorized neither by decedent's will nor by the probate code's priority of appointment statute, and appellant failed in her challenge of the will, we affirm.

## FACTS

Decedent Tod R. Holmberg died on December 13, 2009. Respondent Janice Hanson–Holmberg was his wife at the time of his death and appellant Lisa Roy is one of Holmberg's three children from a previous marriage. Appellant and her siblings were apparently estranged from their father and respondent at the time of Holmberg's death. Upon decedent's death, respondent omitted appellant and her siblings from the obituary and did not notify them of the death until several months after it occurred.

Respondent petitioned the district court for formal probate of Holmberg's estate on October 26, 2010. The petition was based on a handwritten will executed by Holmberg in the presence of witnesses on the eve of his first trip overseas. The will does not name a personal representative, but directs that appellant and her two siblings each inherit $10,000 and respondent inherit the remaining assets of the estate. In the petition, respondent nominated herself as personal representative based on her "priority of appointment as decedent's surviving spouse and devisee."

On December 3, 2010, appellant filed an objection to the probate of the will, challenging the validity of the will, as well as a separate petition for probate. Appellant's petition requested her own appointment as personal representative based on her "priority of appointment as decedent's surviving biological daughter, heir, and devisee." After conducting a trial on the challenge to the will, the court referee concluded that the will was validly executed and was not the product of undue influence. The court further appointed respondent as personal representative.

Notwithstanding her unsuccessful efforts to challenge the will and seek appointment as personal representative, appellant moved the probate court for an award of her attorney fees and expenses against the estate. The court denied her motion and this appeal followed. Appellant does not challenge the decision of the court that the will was valid or the decision to appoint respondent as personal representative on appeal.

## ISSUE

Did the district court err in denying appellant's motion for attorney fees and expenses pursuant to Minn.Stat. § 524.3–720?

## ANALYSIS

■ Appellant contends that she is entitled to an award of attorney fees and expenses from the estate pursuant to Minn.Stat. § 524.3–720. This court generally reviews denials of attorney fees for an abuse of discretion, but this case turns on the construction and application of the statute, which is a question of law, reviewed de novo. *In re Estate of Torgersen*, 711 N.W.2d 545, 550 (Minn.App.2006), *review denied* (Minn. June 20, 2006). This court is instructed to interpret and construe laws "to ascertain and effectuate the

intention of the legislature." Minn.Stat. § 645.16 (2010). Interpretation of a statute begins with determining whether the statute is clear and unambiguous. *Taylor v. LSI Corp. of Am.,* 796 N.W.2d 153, 155–56 (Minn.2011). If the statute is clear and unambiguous, the plain meaning of the statute is given effect. *Id.;* Minn.Stat. § 645.16.

The pertinent part of Minn.Stat. § 524.3–720 provides:

> Any personal representative or person nominated as personal representative who defends or prosecutes any proceeding in good faith, whether successful or not, or any interested person who successfully opposes the allowance of a will, is entitled to receive from the estate necessary expenses and disbursements including reasonable attorneys' fees incurred.

Appellant is an "interested person" under the Uniform Probate Code. *See* Minn.Stat. § 524.1–201(32) (2010) (" 'Interested person' includes heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against the estate of a decedent."). An interested person can object to the probate of a will, as appellant did here, but can only be awarded attorney fees if he or she "successfully opposes the allowance of a will." Minn.Stat. § 524.3–720. However, appellant failed in her efforts to set aside the will and she cannot obtain attorney fees and expenses under Minn.Stat. § 524.3–720 as an "interested person." Therefore, appellant must show that she is entitled to attorney fees and expenses under the first provision of section 524.3–720, which allows attorney fees and expenses to be paid to "[a]ny personal representative or person nominated as personal representative who defends or prosecutes any proceeding in good faith."

Appellant contends that Minnesota law allows the self-nomination of any interested party as a personal representative and provides that a self-nominated person may collect attorney fees and expenses against the estate pursuant to Minn.Stat. § 524.3–720 so long as the self-nominated person proceeds in good faith. Respondent counters that, when read to give effect to each phrase in section 524.3–720 and within the context of the Uniform Probate Code, a "person nominated as personal representative" means only a person that has been nominated in a will or by authority in a will. However, as noted by appellant, section 524.3–720 does not limit the estate's payment of attorney fees and expenses to only a personal representative nominated in a will. Rather, the plain language of the statute allows the payment of fees and expenses to "[a]ny personal representative or person nominated as personal representative." For the reasons set forth below, we adopt an interpretation of section 524.3–720 that differs from those offered by the parties.

First, a personal representative does not have to be nominated in a will in order to be eligible for an award of attorney fees and expenses under section 524.3–720. This is because Minn.Stat. § 524.3–203 provides for nominations of personal representatives when there is no nomination in a will. Section 524.3–203 designates a tiered order of priority with regard to qualified persons who may serve as personal representative of an estate in a formal or informal probate proceeding. The highest priority for appointment of a personal representative is a person named as the personal representative in a will or "nominated by a power conferred in a will." Minn.Stat. § 524.3–203(a)(1). But if there is no will or a person named or nominated in the will cannot serve as the personal representative, the "surviving spouse of the decedent

who is a devisee of the decedent" may be nominated in a formal or informal probate proceeding, followed in successive priority levels by "other devisees of the decedent," "the surviving spouse of the decedent," "other heirs of the decedent," "creditors," and certain "conservators." Minn.Stat. § 524.3–203(a)(2)–(7). If, for any reason, a person who has priority under section 524.3–203(a)(1)–(5) does not want to serve as personal representative, that individual "may nominate a qualified person to act as personal representative." Minn.Stat. § 524.3–203(c). Further, if there are two or more people with the same priority of appointment, e.g., multiple devisees of an unmarried decedent, those people "may renounce the right to nominate or to an appointment" or they "must concur in nominating another to act for them, or in applying for appointment." *Id.; see also* Minn. Gen. R. Prac. 407(a) ("When two or more persons have equal or higher priority to appointment as personal representative, those who do not renounce must concur in writing in nominating another to act for them, or in applying for appointment."); 24 Susan J. Link & John W. Provo, *Minnesota Practice: Probate Deskbook* § 3.9 (2012) ("Often a renunciation or several nominations will be needed to achieve the appointment sought by the beneficiaries while recognizing the priority imposed by statute.").[1]

In applying the priority statute to the facts of the instant case, it is clear that respondent, as the surviving spouse and devisee of the decedent, was at a higher priority level for appointment as personal representative than appellant, who was also a devisee of the decedent. Appellant cites no statute or case law that would give her the authority to act as personal repre-

sentative in light of respondent's higher priority.

 We note that a nomination as personal representative does not merely allow a person to seek an award of attorney fees and expenses. Rather, a nomination as personal representative attaches significant legal duties and rights. "Even if a will is challenged before it is admitted to probate, a nominated personal representative has a duty to defend a seemingly valid will in a contest and to collect attorney fees incurred in that effort." *Torgersen,* 711 N.W.2d at 555. Section 524.3–720 "allows a nominated personal representative, as a fiduciary acting on behalf of the estate, to, in good faith, pursue appropriate legal proceedings without having to risk personal financial loss by underwriting the proceeding's expenses." *Id.* A nominated personal representative is empowered in this manner because "an estate as an entity is benefited when genuine controversies as to the validity or construction of a will are litigated and finally determined." *Id.* (quotation omitted). Most litigation on this subject involves conflicting wills, in which there is a dispute as to which instrument truly reflects the will of the decedent. If there is no nomination of a personal representative in the will, the statute provides a procedure for assigning someone to that role. But if an interested person not nominated in the will or by statute to represent the decedent's estate seeks to oppose the allowance of a will, section 524.3–720 only allows that person to recover fees and costs if the opposition to the will is successful.

Second, in interpreting the phrase "nominated as personal representative," this court is guided by canons of statutory construction. It is well settled that "tech-

---

1. In fact, a practitioner's guidebook includes a standardized form entitled "nomination of personal representative and renunciation of priority for appointment." 24 Link & Provo, *Minnesota Practice* § 3.29.

nical words and phrases and such others as have acquired a special meaning . . . are construed according to such special meaning." Minn.Stat. § 645.08(1) (2010). If a statute is ambiguous, legislative intent is to be found by considering, among other things, the "necessity for the law; . . . the mischief to be remedied; . . . the object to be attained; . . . other laws upon the same or similar subjects; . . . [and] the consequences of a particular interpretation." Minn.Stat. § 645.16. The legislature is presumed to intend "the entire statute to be effective and certain," and "not intend a result that is absurd, impossible of execution, or unreasonable." Minn.Stat. § 645.17 (2010).

Appellant's interpretation of the phrase "person nominated as personal representative" violates the canon of construction that presumes the legislature did not intend a result that is absurd, impossible of execution, or unreasonable. Her interpretation, which allows any interested person to nominate himself or herself as a personal representative, would unduly expose estates to multiple parties claiming to be personal representatives and burden estates with multiple claims for attorney fees and expenses for their "good faith" efforts. This would be an absurd or unreasonable result.

Such an interpretation is also inconsistent with the canon of statutory construction requiring that a statute "should be interpreted, whenever possible, to give effect to all of its provisions; no word, phrase, or sentence should be deemed superfluous, void, or insignificant." *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (quotation omitted). The court is required to "construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.*

Section 524.3–720 provides that, in addition to paying the attorney fees and expenses of a personal representative or a person nominated as a personal representative, attorney fees and expenses may be paid to "any interested person who successfully opposes the allowance of a will." Conversely, an interested person who unsuccessfully opposes the allowance of a will would not be entitled to attorney fees and expenses from the estate. If all that appellant, as an "interested person," had to do to assure payment of attorney fees and expenses in a will challenge was to nominate herself as personal representative, she would circumvent the requirement set forth in the statute that she "successfully" oppose the will. The application of such interpretation would render superfluous and meaningless the requirement of a successful will challenge by an interested person as a prerequisite for payment.

There is also no case law supporting appellant's interpretation of section 524.3–720. Appellant's reliance on *In re Estate of Martignacco*, 689 N.W.2d 262 (Minn.App. 2004), *review denied* (Minn. Jan. 26, 2005), in support of her claim for attorney fees is misplaced. In *Martignacco*, the decedent died unmarried and intestate. 689 N.W.2d at 264. Under the priority statute, there was equal priority among the decedent's three brothers, so one was nominated and appointed as personal representative. *Id.* at 264–65. The will and the brother's appointment were later successfully challenged by the decedent's son, who was previously unknown to the decedent's family. *Id.* at 265. The brother who was personal representative sought an award of fees and costs for defending the estate against the son's challenge. *Id.* at 271. This court affirmed the district court's decision to award fees incurred defending the estate prior to establishing the son's priority, but to deny fees incurred thereafter. *Id.* at 271–72.

Contrary to appellant's claim that she may be appointed independent of any statutory or testamentary authority, the brother in *Martignacco* was appointed through a process authorized by the statute; once his priority as personal representative was found to be lower than that of the decedent's son, he simply became an interested party who could seek fees only upon a successful objection to a will. *Martignacco* does not stand for the broad proposition that anyone can self-nominate without authorization and collect attorney fees, expenses and disbursements from the estate.

██ Finally, although this is an issue of first impression in Minnesota, other states that have adopted similar versions of the Uniform Probate Code have interpreted the attorney-fee provision in the same manner. *See* Minn.Stat. § 645.22 (2010) ("Laws uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them."). While other states' interpretations of a uniform or similar law are not binding, Minnesota courts may give weight to their interpretations of a uniform law. *See Minnesota Souvenir Milkcaps, LLC v. State,* 687 N.W.2d 400, 403 (Minn.App. 2004), *review denied* (Minn. Dec. 22, 2004).

Until 2010, Colorado's analogous section allowed for recovery of fees when "any personal representative, *person with priority for appointment as personal representative,* or court-appointed fiduciary [who] defends or prosecutes any proceeding in good faith, whether successful or not." Colo.Rev.Stat. § 15–12–720(1) (2010) (emphasis added); *see also* 2011 Colo. Sess. Laws, Ch. 101, § 27 (repealing this statute). This statute has been repealed and incorporated into a broader statute, but it retains similar language. *See* Colo.Rev.Stat. § 15–10–602(6) (2012)

(allowing fee awards "if any fiduciary or *person with priority for appointment as personal representative,* conservator, guardian, agent, custodian, or trustee defends or prosecutes a proceeding in good faith, whether successful or not" (emphasis added)).

Also, in a case from the Idaho Supreme Court, *In re Bowman's Estate,* 101 Idaho 131, 609 P.2d 663 (1980), the decedent executed a will leaving most of her estate to her then-husband and nominating an unrelated person as alternate personal representative. *Id.* at 664. Decedent's then-husband died and decedent subsequently remarried. *Id.* When she died, the personal representative nominated in the will and the second husband each sought appointment as personal representative. *Id.* The court determined that the priority statute, which is nearly identical to Minnesota's, required the appointment of person nominated in the will despite strong equitable considerations for naming the second husband personal representative. *Id.* at 665–66. Because of that statute, the second husband "was not entitled to be appointed as the personal representative of this estate" and "his claim for attorney fees [was] denied." *Id.* at 669.

Here, the decedent did not exercise his authority to nominate a personal representative in his will. Thus, section 524.3–203 gives respondent, as "the surviving spouse of the decedent [and] a devisee of the decedent," the next highest priority of appointment. Minn.Stat. § 524.3–203(a)(2). Under that statute, respondent had the sole authority to nominate a personal representative, which she used to nominate herself. The priority of appointment never passed to appellant, who thus never had the authority to nominate herself or anyone else as personal representative. Because appellant never had authorization to nominate anyone as personal representa-

tive, her self-nomination does not qualify appellant as "a person nominated as per-·sonal representative" under section 524.3–720. As a result, the district court did not err in denying her motion for attorney fees.

Because appellant was not entitled to an award of attorney fees, we do not address appellant's other assertions of error.

## DECISION

In order to be a "person nominated as personal representative who defends or prosecutes any proceeding in good faith, whether successful or not," under Minn. Stat. § 524.3–720, a person's nomination must be made with authority from a will or the priority of appointment statute, Minn. Stat. § 524.3–203. A litigant who unsuccessfully challenges a will does not qualify for an award of attorney fees pursuant to Minn.Stat. § 524.3–720 in the absence of such authorized nomination.

**Affirmed.**

