# IN THE SUPREME COURT OF THE STATE OF IDAHO

## DOCKET NO. 48452

JAMES ALLEN, an individual; JESSICA ALLEN TCHOUKALOV, an individual; ADAM ALLEN, an individual; MATTHEW ALLEN, an individual; KIRSTEN ALLEN, an individual; and MICHAEL ALLEN, an individual,

    Plaintiffs-Appellants,

v.

NEIL CAMPBELL and TAMRA CAMPBELL, husband and wife; NEIL CAMPBELL as trustee of the BRIAN VILLET CAMPBELL AND DORIS HAMILTON CAMPBELL JOINT TRUST, dated May 23, 2011; VICKEY FREELAND, as trustee of the BRIAN VILLET CAMPBELL AND DORIS HAMILTON CAMPBELL JOINT TRUST, dated May 23, 2011; CONNIE JO WOODS, as trustee of the BRIAN VILLET CAMPBELL AND DORIS HAMILTON CAMPBELL JOINT TRUST, dated May 23, 2011; and BRIAN CAMPBELL, JR., trustee of the BRIAN VILLET CAMPBELL AND DORIS HAMILTON CAMPBELL JOINT TRUST, dated May 23, 2011,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, September 2021 Term

Opinion Filed: December 2, 2021

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County, Darren B. Simpson, District Judge.

The decision of the district court is <u>reversed</u>.

Parsons, Behle & Latimer, Idaho Falls, for appellants. John E. Cutler argued.

Cooper & Larsen, Chartered, Pocatello, and Turner Law Firm, Dunnellon, Florida, for respondents. J.D. Oborn of Cooper & Larsen, Chartered, argued.

---

1

BRODY, Justice.

This is a case about proper venue in a trust dispute. Appellants sued Respondents over alleged self-dealing and other purported breaches of fiduciary duty in the administration of a trust. Respondents argued that proceedings in Idaho were improper under the provisions of Title 15, chapter 7 of the Idaho Code (the "trust code") because they alleged that the principal place of the Trust's administration was in Indiana. The district court agreed and dismissed Appellants' complaint. We reverse.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual background.

Brian Campbell, Sr., and Doris Campbell were the settlors and original trustees of the Brian Villet Campbell and Doris Hamilton Campbell Joint Trust ("the Trust"), which they established to distribute their assets upon the latter of their deaths. Respondents are the settlors' four living children, as well as Tamra Campbell, wife of respondent Neil Campbell; Appellants are the settlors' grandchildren from a daughter who predeceased them.

Brian Sr. passed away in 2014 and Doris passed away in 2015. When Doris died, the four surviving children (Respondents Neil Campbell, Vickey Freeland, Brian Campbell, Jr., and Connie Jo Woods) became successor co-trustees of the Trust. One of the grandchildren (Appellant Kirsten Allen) was also a successor co-trustee, but resigned from that position before this lawsuit was commenced. For simplicity, Appellants are hereinafter referred to as "Beneficiaries" (although most of the Respondents are also beneficiaries of the Trust), and Respondents are hereinafter referred to as "Trustees" (although Tamra is not a trustee).

When Doris died, her home in Bonneville County was among the Trust's assets. The underlying dispute between Beneficiaries and Trustees stems, in part, from the Trust's sale of Doris' home to Neil and Tamra, allegedly based on an outdated appraisal and after Neil and Tamra had occupied the home for a period without paying rent.

### B. Procedural background.

In November 2019, Beneficiaries sued Trustees in Bonneville County seeking rescission of the sale of Doris' home to Neil and Tamra, an accounting of the Trust, damages from alleged breaches of fiduciary duty, removal of the co-trustees, distribution of Trust assets, and termination of the Trust. In February 2020, Trustees moved to dismiss Beneficiaries' complaint under Idaho Rule of Civil Procedure 12(b), citing several bases for dismissal. Relevant here is

2

their argument that dismissal was warranted for lack of subject matter jurisdiction under Rule 12(b)(1).

As an exhibit to their motion to dismiss, Trustees attached a power of attorney executed in the spring of 2015. The power of attorney designated Respondent Vickey Freeland as attorney-in-fact for the Trust, empowering her "to do all financial acts pertaining to the needs and requirements of the Trust which [the Trust's co-trustees] could do jointly by majority if present." According to Trustees, the power of attorney proved that the Trust had its principal place of administration at Vickey's residence in Indiana. Thus, Trustees argued that subject matter jurisdiction was not proper in Idaho under the provisions of the trust code.

Beneficiaries disputed that the district court could consider the power of attorney. However, if the district court chose to do so, Beneficiaries maintained that the court was obligated to convert Trustees' motion to dismiss into a motion for summary judgment under Rule 12(d) of the Idaho Rules of Civil Procedure. If converted into a motion for summary judgment, Beneficiaries argued the motion failed because they disputed that the Trust's principal place of administration was in Indiana rather than Idaho, where Brian Sr. and Doris had administered the Trust during their lives. Beneficiaries also challenged the legal effect and validity of the power of attorney itself, but this issue has not been argued on appeal nor considered by this Court.

In April 2020, Beneficiaries filed their own motion for summary judgment as to most counts in their complaint.

The district court held a hearing in May 2020, at which the parties presented oral argument on Trustees' motion to dismiss. The district court issued an order granting Trustees' motion in June 2020. In its order, the district court considered the power of attorney, but it did not convert Trustees' motion to dismiss into a motion for summary judgment and, therefore, did not draw all reasonable inferences in favor of Beneficiaries as the non-moving party. *See Tech Landing, LLC v. JLH Ventures, LLC*, 168 Idaho 482, 483 P.3d 1025, 1029 (2021) (articulating the standard of review applicable to a motion for summary judgment). Instead, it construed Trustees' motion to dismiss and attachment of the power of attorney as a factual attack on subject matter jurisdiction. The district court held that in a factual challenge to subject matter jurisdiction, it was required to go beyond the pleadings and weigh evidence submitted by the parties without affording Beneficiaries a presumption in their favor. *See Owsley v. Idaho Indus. Comm'n*, 141 Idaho 129, 133, 106 P.3d 455, 459 (2005) (noting that challenges to subject matter

3

jurisdiction may be facial or factual and articulating the appropriate standard of review for each). The district court also concluded that Beneficiaries bore the burden to establish a factual basis for subject matter jurisdiction. Applying this standard, the district court considered the power of attorney and various declarations submitted by the parties in connection with Trustees' motion to dismiss and Beneficiaries' motion for summary judgment. The district court determined that (1) the principal place of the Trust's administration was in Indiana; (2) Indiana could exercise personal jurisdiction over the parties; (3) and that the interests of justice would not be impaired by litigating in Indiana rather than Idaho. The district court then dismissed Beneficiaries' complaint pursuant to section 15-7-203 of the trust code.

Beneficiaries moved for reconsideration and the district court held a hearing in August 2020. The district court denied the motion for reconsideration in October 2020. Beneficiaries timely appealed to this Court.

## II.    STANDARD OF REVIEW

The Court has free review over questions of law, including issues of jurisdiction and statutory interpretation. *Tucker v. State*, 162 Idaho 11, 17, 394 P.3d 54, 60 (2017) (citing *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012)); *Kelly v. TRC Fabrication, LLC*, 168 Idaho 788, 487 P.3d 723, 726 (2021) (citing *Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 209, 76 P.3d 951, 953 (2003)).

## III.    ANALYSIS

The trust code governs the administration of trusts in Idaho, including provisions regarding jurisdiction and venue in actions between beneficiaries and trustees. Section 15-7-101 imposes a duty on the trustees of a trust administered in Idaho to register the trust "in the court of this state at the principal place of administration." The operation of several provisions in the trust code depends on whether a trustee has complied with this duty. *See, e.g.*, I.C. §§ 15-7-103, -104, -201, -202. Relevant here, when a trust has been registered, "[t]he court of registration has exclusive jurisdiction of proceedings initiated by interested parties concerning the internal affairs of trusts." I.C. § 15-7-201(a). However, when a trust has not been registered, a trustee is subject to the personal jurisdiction of, and venue is proper in, any court where the trust could have been registered. I.C. §§ 15-7-104, -202.

That said, even where proceedings are otherwise proper in an Idaho court, section 15-7-203 provides that a court should decline to hear cases in certain circumstances:

4

The court will not, over the objection of a party, entertain proceedings under section 15-7-201 of this Part involving a trust registered or having its principal place of administration in another state, unless (1) when all appropriate parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration or (2) when the interests of justice otherwise would seriously be impaired. The court may condition a stay or dismissal of a proceeding under this section on the consent of any party to jurisdiction of the state in which the trust is registered or has its principal place of business, or the court may grant a continuance or enter any other appropriate order.

I.C. § 15-7-203. Stated differently, an Idaho court should dismiss a case involving the administration of a trust where four conditions are met: (1) a party objects to proceeding in Idaho; (2) the court finds either (a) the trust has been registered in another state or that (b) its principal place of administration is in another state; (3) the court finds that all appropriate parties can be bound in the courts of the other state; and (4) the court finds that the interests of justice will not be seriously impaired by dismissing the case. *Id*.

Here, the district court dismissed Beneficiaries' complaint because it found it lacked subject matter jurisdiction under section 15-7-203. Beneficiaries argue that the district court made several errors in its application of this section, and that applied correctly, their complaint should not have been dismissed. Before addressing Beneficiaries' arguments, however, we must reframe the central issue in this case. Despite the way the issues were characterized below and have been argued on appeal, this is not a case about subject matter jurisdiction.

**A. Idaho Code section 15-7-203 pertains to venue, not subject matter jurisdiction.**

"While the general concept of jurisdiction . . . is very broad and has many facets, jurisdiction over the subject matter is a narrow and well-defined aspect of the broader concept." *Sierra Life Ins. Co. v. Granata*, 99 Idaho 624, 628, 586 P.2d 1068, 1072 (1978) (citations omitted). Subject matter jurisdiction concerns only the inherent authority of the court to exercise judicial power:

Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending . . . .

*Id*. (quoting *Richardson v. Ruddy*, 15 Idaho 488, 494, 98 P. 842, 844 (1908)). In other words, subject matter jurisdiction is an incident of the creation of a court (either by constitution or statute), which is untouched by the parties' positions, arguments, and preferences, and unaffected

5

by a court's discretion. *See id.* (quoting *Boughton v. Price*, 70 Idaho 243, 215 P.2d 286 (1950) ("Such jurisdiction the court acquires by the act of its creation, and possesses inherently by its constitution; and it is not dependent upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, or plaintiff's right to the relief demanded, the regularity of the proceedings, or the correctness of the decision rendered."). Because the application of section 15-7-203 turns on a party's objection and involves a determination by the court about the relative interests of justice in dismissing versus proceeding with the action, it is plain that the statute does not pertain to subject matter jurisdiction.

That said, it is understandable that the parties and the district court treated section 15-7-203 as bearing on subject matter jurisdiction because this Court essentially said so forty years ago. In *Rasmuson v. Walker Bank & Trust Company*, 102 Idaho 95, 625 P.2d 1098 (1981), we held that "[i]n order to determine the district court's subject matter jurisdiction, [Idaho Code sections] 15-7-201, 15-7-202, and 15-7-203 must all be reviewed." *Id.* at 98–99, 625 P.2d 1101–02. But a close reading of *Rasmuson* reveals that we misspoke because, shortly after the remark about subject matter jurisdiction, we recognized that section 15-7-203 is a statutory embodiment of the equitable doctrine of forum non conveniens. *Id.*at 99, 625 P.2d at 1102. This conclusion is borne out by the uniform law comment to section 15-7-203, which states in pertinent part, "the issue is essentially only one of forum non conveniens in having litigation proceed in the most appropriate forum. This is the function of this section." However, forum non conveniens is a doctrine involving venue, not jurisdiction. 20 Am. Jur. 2d Courts § 109 ("Forum non conveniens is a discretionary doctrine which vests in the courts the power to abstain from the exercise of jurisdiction even where authorized by statute if the litigation can more appropriately be conducted in a foreign tribunal."). In other words, section 15-7-203 pertains to the proper *exercise* of judicial power, not to its *existence*.

This is a fine distinction, but an important one. A lack of subject matter jurisdiction cannot be waived, no matter the stage of litigation, and orders entered without subject matter jurisdiction are void and subject to collateral attack. *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011) (quoting *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010), abrogated on other grounds by *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011)). On the other hand, issues of venue may be irrevocably waived, and an order entered despite improper venue is valid and enforceable. *See* I.R.C.P. 12(h)(4). As such, "it may

work considerable mischief to confuse lack of jurisdiction over the subject matter with questions of venue . . . ." *Sierra Life Ins. Co.*, 99 Idaho at 626–27, 586 P.2d at 1070–71. To avoid such mischief, we take this opportunity to correct the misstatement in *Rasmuson*; inasmuch as that case suggested that section 15-7-203 pertains to subject matter jurisdiction, it is disavowed.

We also take this opportunity to note that a lack of subject matter jurisdiction only occurs in our district courts in very limited circumstances. As established by the Idaho Constitution, Idaho's district courts are courts of general jurisdiction. Idaho Const. art. V, § 20 ("The district court shall have original jurisdiction in *all cases*, both at law and in equity, and such appellate jurisdiction as may be conferred by law." (Emphasis added).) Thus, the only limitation of a district court's subject matter jurisdiction likely to arise with any frequency is preemption by federal law. *See e.g., Stevenson v. Prairie Power Co-op., Inc.*, 118 Idaho 52, 56–57, 794 P.2d 641, 645–46 (Ct. App. 1989), *aff'd*, 118 Idaho 31, 794 P.2d 620 (1990) (discussing federal preemption of state court subject matter jurisdiction in certain matters relating to bankruptcy). We have frequently encountered cases like this one where an issue is incorrectly couched as bearing on subject matter jurisdiction. Cognizant that we have not always been precise in distinguishing between jurisdiction as a general concept and the narrow concept of subject matter jurisdiction, we note (as this case demonstrates) that we must all be mindful of this important distinction whenever questions of jurisdiction arise.

**B. The district court erred in granting Trustees' motion to dismiss.**

Beneficiaries argue that the district court erred in its interpretation and application of section 15-7-203, including misallocating the burden of proof to Beneficiaries and erroneously determining that all appropriate parties could be bound by litigation in Indiana. Because we agree with these contentions, and these errors alone warrant reversal of the district court's decision, we need not consider Beneficiaries' remaining arguments.

1.  The burden of proof under section 15-7-203 rested with Trustees.

Construing section 15-7-203 as a statute pertaining to subject matter jurisdiction, the district court held that Beneficiaries "bear the burden of showing that jurisdiction does in fact exist." Beneficiaries argue that the district court erred in allocating the burden of proof to them because section 15-7-203 functions as an exception to the exercise of jurisdiction and the burden to show an exception applies generally rests with the party invoking it. We agree with Beneficiaries; the burden of proof rested with Trustees.

7

Section 15-7-203 clearly contemplates proceedings remaining in Idaho unless a party objects and the statute's conditions are met. As we noted in *Matter of Bowman's Estate*, 101 Idaho 131, 609 P.2d 663 (1980), an objector generally bears the burden of proving a statutory exception applies. *Id.* at 135, 609 P.2d at 667. This comports with the elementary legal principle that parties requesting a court to take an action "must provide adequate factual and legal support for their positions . . . ." 56 Am. Jur. 2d Motions, Rules, and Orders § 23.

Trustees' arguments to the contrary are not well taken. First, Trustees contend that "the [d]istrict [c]ourt did not assign the beneficiaries the burden of proof" and that Beneficiaries "cite to no legal authority" in advancing their argument. These assertions are contradicted by the order granting the Trustees' motion to dismiss and a cursory review of Beneficiaries' brief, which provided ample authority and analysis on this issue. Trustees' next argument fares little better. Trustees contend that Beneficiaries' argument regarding the burden of proof is "made-up" because "the word 'exception' does not appear anywhere in . . . section [15-7-]203." While it is true that the word "exception" does not appear in the statute, the word "unless" does appear and "unless" is synonymous with "except." *Unless*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/unless, (last visited Oct. 7, 2021) (defining "unless" as "except on the condition that").

Trustees also contend that accepting Beneficiaries' argument would "create a new shifting burden of proof" that would "turn[] the law upside down[.]" This contention would only merit consideration if subject matter jurisdiction were at issue. As a general rule, the burden of proof remains with the party asserting subject matter jurisdiction, even after a factual attack. *See* 61A Am. Jur. 2d Pleading § 451 ("[B]y making a factual attack on subject-matter jurisdiction in the context of a Rule 12(b)(1) motion to dismiss, the defendant shifts to the plaintiff the burden of proving by a preponderance of the evidence, or proof to a reasonable probability that the court has subject-matter jurisdiction"). However, as we have explained, subject matter jurisdiction is not at issue and Trustees bore the burden to establish that dismissal was warranted.

2.  Trustees failed to carry their burden under section 15-7-203.

Dismissal under section 15-7-203 is proper *only* if "all appropriate parties" could "be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration." I.C. § 15-7-203. While the district court determined that Indiana could exercise personal jurisdiction over Neil, Vickey, Connie Jo, and Brian, Jr., based on their status

as co-trustees of the Trust, it did not analyze whether Indiana could exercise jurisdiction over Tamra, who is not a trustee.

Beneficiaries argue that the district court erred in granting dismissal under section 15-7-203 because Tamra is a necessary party, yet no evidence supports that Indiana could exercise personal jurisdiction over her. Beneficiaries contend that Tamra is a necessary party because the Trust conveyed Doris' home to Neil and Tamra as husband and wife and Beneficiaries seek rescission of that sale. Trustees argue that Beneficiaries' argument is moot because Trustees conceded that Indiana can exercise jurisdiction over all parties.

A person "is a necessary party to . . . [a] claim[] for rescission . . . where her interest in community property may be affected." *Moon v. Brewer*, 89 Idaho 59, 64, 402 P.2d 973, 976 (1965). Because Beneficiaries sued for rescission of the sale of Doris's home to Neil and Tamra (among other relief), and Tamra has a community property interest in the home that would be affected by an order granting rescission of the sale, Tamra is a necessary party to the action under *Moon*. As a necessary party, it follows that Tamra is also an "appropriate part[y]" under section 15-7-203. Therefore, the district court was required to find Tamra could be bound by litigation in Indiana before dismissing Beneficiaries' complaint. However, the district court made no such finding, and we hold that it could not have done so based on the facts in the record.

At the outset, Trustees' contention they mooted the issue by conceding Indiana could exercise jurisdiction is belied by the record. There is no such concession anywhere in the record. And even if there were, it would be meaningless. Personal jurisdiction is created by a person's conduct within or directed at a forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (requiring minimum contacts with the forum state to establish personal jurisdiction). Nothing in the record suggests that Tamra had any contacts with Indiana. Moreover, no facts suggested that Tamra had or would have voluntarily submitted to Indiana's jurisdiction. To the contrary, Trustees rebuffed a request from Beneficiaries that Tamra agree to do so, and counsel for Trustees told the district court it would be "akin to malpractice" to recommend that Tamra accept Beneficiaries' "outrageous" request. Trustees failed to carry their burden to establish that section 15-7-203 applied; therefore, the district court erred in granting dismissal under that statute.

9

## IV.     CONCLUSION

For the reasons above, the decision of the district court granting Trustees' motion to dismiss is reversed and the case is remanded for further proceedings. Pursuant to Idaho Appellate Rule 40, we award costs on appeal to Beneficiaries.

Chief Justice BEVAN, and Justices STEGNER, MOELLER and ZAHN CONCUR.